937 So.2d 277 (2006)
Robert Wayne MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3691.
District Court of Appeal of Florida, Fourth District.
September 13, 2006.
*278 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
In criminal trials the law requires a high level of confidence in the guilt of the accused.[1] That requirement is vital to the outcome.[2] By long tradition, the State is required to produce evidence of defendant's guilt "to the exclusion of and beyond a reasonable doubt."[3] This burden of proof lasts throughout the entire trial.[4] The State is never freed from the imperative to make defendant's guilt appear virtually certain.[5]
But there are issues for which the defendant himself may incur some obligation to present evidence. For one, there are the yes-but defenses. Essentially they admit the critical facts charged but then seek to avoid culpability on the basis of still other facts. If a defendant claims: "I didn't know what I was doing" (insanity); "I was forced to do it against my will" (coercion); "I was only defending myself" (justification); or "I wouldn't do such a thing and was seduced by the police" (entrapment), he will have to do something to get the crucial additional facts into evidence before the jury.
In this case the State charged defendant with aggravated battery. He sought to avoid culpability with the legal justification of self-defense, claiming that his deadly force against the roommate was legally permitted because the roommate was already committing an aggravated battery against him.[6] Under Florida law a defendant may claim this defense if there is evidence indicating that initially he was the object of a "forcible felony" such as aggravated battery.[7] Thus, to be lawfully allowed *279 to use deadly force defendant had to produce evidence that his roommate brought the knife into their fight.
While the State bore the ultimate burden of proving guilt beyond a reasonable doubt, defendant laid upon himself a requisite of producing evidence of the additional facts necessary for his defense of justification. But, with these additional facts, did he also incur a "burden of proof" identical to the State's? That is, did he have to prove the additional facts for self-defense beyond a reasonable doubt? Or was he instead bound by some lesser standard say, the greater weight of the evidence? Indeed, how about something even less onerous than that? Was he merely obligated to lay the additional facts before the jury, without any burden as to the strength of their probative value  other than they might be true?
The answer is this. No, he did not have to prove self-defense beyond a reasonable doubt. He did not have to prove even that his additional facts were more likely true than not. The real nature of his burden concerning his defense of justification is that his evidence of additional facts need merely leave the jury with a reasonable doubt about whether he was justified in using deadly force.[8] Hence, if he wanted his self-defense to be considered, it was necessary to present evidence that his justification might be true. It would then be up to the jury to decide whether his evidence produced a reasonable doubt about his claim of self-defense.[9]
But that is not what the jury instructions said in this case. After first explaining the State's burden of proof and the statutory elements of the charge of aggravated battery charge against defendant, the instructions then turned to his claimed justification of self-defense. Using Florida Standard Jury Instruction (Criminal) 3.6(f) as a template, the self-defense instruction began with a description of when deadly force could be justifiable. At this point, nothing is amiss. But the court concluded that it was thereupon necessary within the justification instruction to define once again what constitutes the forcible felony of aggravated battery.[10] The court decided *280 to instruct the jury that defendant had the burden of proving self-defense to a near certainty, approving a written instruction saying: "the Defense must prove the following two elements beyond a reasonable doubt." [e.s.]
Later, while reading the written instructions to the jury it must have occurred to the Judge that there is something improbable about a criminal defendant having a burden of proving any defense beyond a reasonable doubt, for the trial judge faltered in reading the previously approved written instruction to the jury. According to the transcript, as the trial court actually voiced it, the instruction came out:
To prove the crime of aggravated battery, great bodily harm, the State must provethe defense  for the defense of self-defense must be proved the following two elements beyond a reasonable doubt. [e.s.]
In contradiction, later on the instructions properly told the jury that if they had "a reasonable doubt on the question of whether or not the defendant was justified in the use of [deadly force] . . . you should find the defendant not guilty."
The record indicates that the written jury instructions were sent into the deliberation room with the jury. The jury was not explicitly instructed what to do if they perceived a conflict between the written and the spoken words.[11] With the spontaneous oral change, it seems likely that the jury was confused and forced to wonder just who had what burden of proof. It is also true, however, that any difference between the oral and written instructions is immaterial to the outcome of this appeal because both were defective as to the applicable "burden of proof" as to the defense.
We emphasize that the defect involves an erroneous reasonable doubt standard. Jurors were forced to choose between two contradictory standards: (1) that defendant was required to prove self-defense beyond a reasonable doubt, and (2) that if they had reasonable doubts about his claim of self-defense they should find him not guilty. When jurors are faced with both correct and erroneous instructions as to the applicable legal rules, there is no reason to believe that they are likely to intuit which is the correct one and which is the erroneous one. Indeed, as the following authoritatively explains:
"Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to lawwhether, for example, the action in question is protected by the [law] . . . . When . . . jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error."
Griffin v. United States, 502 U.S. 46, 59-60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); see also Mackerley v. State, 754 So.2d 132, 138 (Fla. 4th DCA 2000), disapproved on other grounds, 777 So.2d 969 (Fla.2001); Tricarico v. State, 711 So.2d 624, 625-26 (Fla. 4th DCA 1998). The conclusion is therefore inescapable that the jury may well have decided this case under an erroneous instruction as to the burden of proof.
Defendant's position is that the instructions clearly prejudiced him by substantially negating his defense of justification. In response the State argues that defendant waived this defect at the charge conference when counsel agreed to the redefinition of aggravated battery as part of the *281 justification defense. The State is saying that defense counsel consented to the court rereading the original definition used to instruct the jury on the crime charged against defendant, only this time with the burden of proof beyond a reasonable doubt shifted from the State to defendant. In effect, the State contends that defense counsel knowingly agreed that the court could tell the jury that defendant had the burden of proving self-defense beyond any reasonable doubt.
From the transcript,[12] it is not clear to us that defense counsel should really be understood to have agreed to this. Indeed it does not seem that he did anything more than bow to a judicial determination to reinstruct the jury on the meaning of aggravated battery. On the other hand, it is clear that defense counsel did not expressly object to this instruction.
Even so, we have previously deemed it fundamental error to instruct a jury in such a way as to define a legal defense out of existence. See Sigler v. State, 590 So.2d 18, 20 (Fla. 4th DCA 1991) (holding that an unprotested jury instruction may be fundamental error when it is improper and has the effect of negating defendant's only defense). Telling the jury that defendant had to prove the basis for self-defense beyond a reasonable doubt had exactly that effect.
Additionally, the United States Supreme Court has made clear that:
"[for a valid conviction] the essential connection to a `beyond a reasonable doubt' factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates all the jury's findings. A reviewing court can only engage in pure speculationits view of what a reasonable jury would have done. And when it does that, `the wrong entity judge[s] the defendant guilty.'" [e.s.]
Sullivan v. Louisiana, 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). In the critical words of the Court, an erroneous instruction on the burden of proof "vitiates all the jury's findings." This kind of error is deemed structural"the jury guarantee being a `basic protection[n]' whose precise effects are unmeasurable, but without which a criminal trial cannot *282 reliably serve its function." 508 U.S. at 281, 113 S.Ct. 2078 (citing Rose v. Clark, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)). Were we to validate the verdict, the wrong entitythis court would effectually decide defendant's guilt.
To repeat, the law did not require defendant to prove his justification of self-defense to any standard measuring an assurance of truth. He did not have to prove the exigency of self-defense to a near certainty (reasonable doubt) or even to a mere probability (greater weight). His only burden was to offer additional facts from which it could be true, that his resort to such force could have been reasonable.
Under the instructions in this caseoral and writtenit was possible for the jury to have reasonable doubts about his justification of self-defense but still find him guilty because he did not prove those additional facts beyond a reasonable doubt. It follows that the case must be returned for a new trial. The judgment is therefore
Reversed.
SHAHOOD, J., concurs.
TAYLOR, J., concurs in result only.
NOTES
[1] See e.g. Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (requiring reversal of criminal conviction where suppression of evidence undermined confidence in the result).
[2] See e.g. In re Winship, 397 U.S. 358, 363, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ("The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error.").
[3] See Fla. Std. Jury Instr. (Crim.) 3.7.
[4] Id.
[5] Id.
[6] Murray and his roommate fought outside their apartment. The State charged that Murray introduced a butcher knife into the fight, but he claimed that the other guy first wielded a pocket knife against him. The key fact for the trial was who brought the knife to the fist fight.
[7] § 776.012, Fla. Stat. (2005) ("a person is justified in the use of deadly force and does not have a duty to retreat if ... he ... reasonably believes that such force is necessary ... to prevent the imminent commission of a forcible felony").
[8] See Fla. Std. Jury Instr. (Crim.) 3.6(f) ("If in your consideration of the issue of self-defense you have a reasonable doubt on the question whether the defendant was justified in the use of [deadly force] you should find the defendant not guilty".).
[9] So it would be for the insanity and coercion defenses as well. On the other hand, a statute has made the burden on defendant heavier for entrapment. See § 777.201(2), Fla. Stat. (2005) ("A person prosecuted for a crime shall be acquitted if the person proves by a preponderance [greater weight] of the evidence [e.s.] that his or her criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact."). With entrapment, the court instructs the jury: "defendant must prove to you by the greater weight of the evidence [e.s.] that a law enforcement officer . . . induced or encouraged the crime charged." Fla. Std. Jury Instr. (Crim.) 3.6(j). No such instruction applies to self-defense or the other yes-but defenses.
[10] This conclusion was in keeping with the standard jury instruction for self-defense, which directs the trial judge at that point to "insert and define applicable felony that defendant alleges victim attempted to commit." Fla. Std. Jury Instr. (Crim.) 3.6(f). Yet to properly instruct lay jurors, it does not seem wise  much less necessary  to "define" the forcible felony allegedly being perpetrated by the victim with the same legal punctilio used in defining the crime with which an accused has been charged. In context, the circumstances suggest that the forcible felony which the victim is said to have undertaken against the defendant could properly be described in less formally legalistic, even idiomatic terms, e.g. shoot, stab, choke, beat, rape, etc., modified by some suitable adjective such as unjustifiably, illegally or improperly.
[11] In the beginning of the charge to the jury, the Judge said: "You'll get copies of these, so you don't need to take copious notes, because I'll send you back a copy of them."
[12] Here is the relevant exchange:

Court: So then I need an instruction on Aggravated Battery. Because at that point you insert and define the applicable felony the defendant alleges victim attempted to commit. You can't just say aggravated battery and not define it.
Defense: Well I think we already got that. Its
Court: You got to do it again.
Defense: Okay.
Court: So I need another instruction on aggravated battery immediately following his instruction. Do you understand?
State: No, I don't understand. Afteroh, the use of force likely to cause death or great bodily harm is not justifiedjustifiable if you find
Court: We are not there.
State: Oh, okay. So where are we?
Court: For 782.02, if I tell the Jury that he was trying to prevent an attempt to commit aggravated battery, then I need an instruction on aggravated battery.
State: Okay, I think I have it.
Court: We have it, because he's charged with it. But, I need it again for
State: Okay
Court: I must read it again in its entirety.
State: Okay. Okay.
Court: So I need it inserted there
State: Okay
Court:right after this. Okay. Then 776.012, 776.031. "A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm, the imminent commission of aggravated battery against himself." And aggravated battery is an applicable forcible felony, is that correct? Is that the defense's position?
Defense: That's our position yes.