947 So.2d 1159 (2007)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (2006-3).
No. SC06-2436.
Supreme Court of Florida.
January 25, 2007.
The Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (the Committee) petitions this Court to amend the Florida Standard Jury Instructions in Criminal Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On December 14, 2006, the Committee filed Report No. 2006-03, proposing an amendment to Standard Jury Instruction in Criminal Cases 3.6(g)Justifiable Use of Non-Deadly Force. Along with the report, the committee filed a Motion to Expedite Report 2006-3. The Committee asks the Court to expedite the review and consideration of the amendments proposed to jury instruction 3.6(g)Justifiable Use of Non-Deadly Force.
The proposed instruction was published in The Florida Bar News on November 15, 2006. One comment was received, from Judge Angel Cortiñas of the Third District Court of Appeal. Judge Cortiñas suggested that the aggressor portion of the instruction should be clarified to advise the trial judge that this portion should only be given when the defendant has been charged with an independent forcible felony other than the one for which the defendant claims self-defense. The committee amended its proposal in accordance with Judge Cortiñas' comments.
The Committee recommends the following changes: (1) to delete the words "beyond a reasonable doubt" where they appear in two places in the instruction; (2) to add language to the directions as to when the part of the instruction concerning when the use of nondeadly force is not justified, so as to clarify that it should be given only when the defendant has been charged with more than one forcible felony, pursuant to the decision in Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002); and (3) to update the instruction's history contained in the "Comment" section of the instruction. As noted by the Committee, the Court last amended this instruction in In re Standard Jury Instructions in Criminal Cases (No.2005-4), 930 So.2d 612 (Fla.2006). Although our opinion authorized the publication and use of the instruction, amended as proposed by the Committee, which did not include the words "beyond a reasonable doubt," the appendix attached to our opinion contained these words and the error was not discovered until the Committee's submission of the report in this case.
Upon consideration of the Committee's report and motion to expedite, we hereby grant the motion and authorize the publication and use of the revised instructions, with only minor modification to the proposed amendments to the "Comment" portion of the instruction, as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of *1160 the Committee, and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE
Because there are many defenses applicable to self-defense, give only those parts of the instructions that are required by the evidence.
Read in all cases.
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of non-deadly force.
Definition.
"Non-deadly" force means force not likely to cause death or great bodily harm.
In defense of person. § 776.012, Fla. Stat. Give if applicable.
(Defendant) would be justified in using non-deadly force against (victim) if the following two facts are proved beyond a reasonable doubt:
1. (Defendant) must have reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against (victim's) imminent use of unlawful force against the [defendant] [another person].
2. The use of unlawful force by (victim) must have appeared to (defendant) to be ready to take place.
In defense of property. § 776.031, Fla. Stat. Give if applicable.
(Defendant) would be justified in using non-deadly force against (victim) if the following three facts are proved beyond a reasonable doubt:
1. (Victim) must have been trespassing or otherwise wrongfully interfering with land or personal property.
2. The land or personal property must have lawfully been in (defendant's) possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect.
3. (Defendant) must have reasonably believed that [his] [her] use of force was necessary to prevent or terminate (victim's) wrongful behavior.
No duty to retreat (dwelling, residence, or occupied vehicle). Give if applicable.
If the defendant is in [his] [her] [dwelling] [residence] [occupied vehicle] [he] [she] is presumed to have held a reasonable fear of imminent peril of death or bodily injury to [himself] [herself] [another] if (victim) as [unlawfully and forcibly entered] [has removed or attempted to remove another person against that person's will from] that [dwelling] [residence] [occupied vehicle] and the defendant had reason to believe that had occurred. The defendant had no duty to retreat under such circumstances.
*1161 A person who unlawfully and by force enters or attempts to enter another's [dwelling] [residence] [occupied vehicle] is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
No duty to retreat (location other than dwelling, residence, or occupied vehicle). Give if applicable.
If the defendant was not engaged in an unlawful activity and was attacked in any place where [he] [she] had a right to be, [he] [she] had no duty to retreat and had the right to stand [his] [her] ground and meet force with force, including deadly force, if [he] [she] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] [herself] [another] or to prevent the commission of a forcible felony.
Definitions.
As used with regard to self defense,
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent or mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people lodging therein at night.
"Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.
"Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.
Define applicable forcible felony that defendant alleges victim was about to commit.
Give in all cases.
A person does not have a duty to retreat if the person is in a place where [he] [she] has a right to be.
Aggressor. § 776.041, Fla. Stat.
The use of non-deadly force is not justified if you find:
Give if applicable. only if the defendant is charged with more than one forcible felony. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
1. (Defendant) was attempting to commit, committing, or escaping after the commission of a (applicable forcible felony).
Define applicable forcible felony.
2. (Defendant) initially provoked the use of force against [himself] [herself], unless:
a. The force asserted toward the defendant was so great that [he] [she] reasonably believed that [he] [she] was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using non-deadly force on (assailant).
b. In good faith, the defendant withdrew from physical contact with (assailant) and indicated clearly to (assailant) that [he] [she] wanted to withdraw and stop the use of non-deadly force, but (assailant) continued or resumed the use of force.
Force in resisting arrest. § 776.051(1), Fla. Stat.
A person is not justified in using force to resist an arrest by a law enforcement officer who is known to be or reasonably appears to be a law enforcement officer.
Give the following instruction if applicable.
*1162 However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend [himself] [herself] [another], but only to the extent [he] [she] reasonably believes such force is necessary. See § 776.012, Fla. Stat.; Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981); Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).
In some instances, the instructions applicable to §§ 776.012, 776.031, or 776.041, Fla. Stat., may need to be given in connection with this instruction.
Read in all cases.
In deciding whether the defendant was justified in the use of non-deadly force, you must judge [him] [her] by the circumstances by which [he] [she] was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
Reputation of victim. Give if applicable.
If you find that (victim) had a reputation of being a violent and dangerous person and that [his] [her] reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
Physical abilities. Read in all cases.
In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and (victim).
Read in all cases.
If, in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.

Comment
This instruction was adopted in 1981 and was amended in 1985, 1992, and 2006, and 2007.