966 So.2d 1035 (2007)
John TESTERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-217.
District Court of Appeal of Florida, Fourth District.
October 31, 2007.
*1036 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
The defendant appeals his conviction and sentence for aggravated battery based on erroneous jury instructions on the defense of self-defense. We agree and reverse and remand for a new trial.
This case involved a confrontation in a bar in which the defendant threw a full beer bottle at the victim. The defendant argued that his action was in defense of himself to protect against a physical attack from the victim, who was walking toward him after a racially-heated verbal exchange.
At closing arguments, the defense argued that the defendant's actions were justified. A person is justified in using non-deadly force if (a) he or she reasonably believes that such force is necessary to (b) prevent imminent death or great bodily harm. § 776.012, Fla. Stat. (2006). The defense explained that the State must prove that the defendant was not acting in defense of himself or another beyond all reasonable doubt. The State objected and the trial court sustained the objection, believing that the obligation was on the defense. In rebuttal argument, the prosecutor argued over objection that the defendant has the burden to prove the two required elements of self-defense. After closing arguments, the trial court instructed the jury that the defendant would be justified in using non-deadly force "if the following two facts are proven beyond a reasonable doubt." Several sentences later, the trial court contradicted itself by stating that "If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of deadly force, you should find the defendant not guilty."
It is well-established that the burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self defense. Jenkins v. State, 942 So.2d 910, 914 (Fla. 2d DCA 2006). A misstatement to the jury of an affirmative defense is error and may amount to fundamental error. For example, in Murray v. State, 937 So.2d 277 (Fla. 4th DCA 2006), an unobjected to instruction on self-defense was found to be reversible error. In Murray, the trial court submitted written jury instructions to the jury which stated "the Defense must prove the following two elements beyond a reasonable doubt" while orally instructing the jury that if they had "a reasonable doubt on the question of whether or not the defendant was justified in the use of [deadly force] . . . you should find the defendant not guilty." Id. at 280. This court found that the incorrect reasonable doubt instruction, as well as the lower court's contradictory instructions, amounted to fundamental error. Id. at 281.
*1037 As in Murray, the conflicting instructions on the defense of self-defense may have led the jury to find the defendant guilty because he did not prove the elements of the defense beyond a reasonable doubt. The case must be returned for a new trial. The judgment is reversed.
Reversed and Remanded.
FARMER and TAYLOR, JJ., concur.