974 So.2d 520 (2008)
Jason NOVAK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3030.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
Steven H. Malone of Steven H. Malone, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
*521 MAY, J.
The defendant challenges the former standard jury instruction on self defense in this appeal. He argues that fundamental error was created when the trial court instructed the jury on self defense. We agree and reverse.
The defendant's conviction for aggravated battery with a firearm arose out of a neighborhood dispute. Not surprisingly, the defendant's and victim's versions of the facts conflicted. According to the defendant, he was speaking with a neighbor when the victim crossed the street to complain about the noise. The defendant testified that the victim punched him in the mouth, causing him to fall. When he got up, he saw the victim's friends running towards him from across the street. The defendant then pulled out his gun to defend himself and his pregnant wife who was sitting on the porch. As he pointed the gun toward the victim, the victim rushed at him causing the gun to strike the victim's forehead. The victim suffered a circular-shaped injury on his forehead.[1]
The victim testified that he was having a civilized conversation with the defendant's neighbor when the defendant suddenly appeared. The defendant disappeared momentarily then returned and hit the victim in the back of the head. The victim saw the defendant run away yelling that he was going to get his gun. The next thing he knew, the defendant shoved the gun into his forehead.
The trial court instructed the jury on the charge of aggravated battery with a firearm. The court then read the self-defense defense instructions on justifiable use of deadly and non-deadly force using the standard jury instruction. Next, the court instructed the jury that the defendant "would be justified in using non-deadly force against [the victim] if the following 2 facts are proved beyond a reasonable doubt."[2] Defense counsel did not object to the instructions. The jury found the defendant guilty of aggravated battery with a firearm.
The defendant now argues that fundamental error was created when the trial court instructed the jury on the justifiable use of non-deadly force requiring the defendant to prove the defense beyond a reasonable doubt. We agree. Our decision in Murray v. State, 937 So.2d 277 (Fla. 4th DCA 2006), is controlling.
In Murray, we held it was fundamental error for the court to instruct the jury that the defendant had the burden to prove the basis for self-defense beyond a reasonable doubt. Id. at 282. Indeed, in 2007, the Supreme Court of Florida amended the Standard Jury Instructions to delete the words "beyond a reasonable doubt" from the self defense instruction. See In re Standard Jury Instructions In Criminal Cases (2006-3), 947 So.2d 1159 (Fla.2007). Of course, both Murray and the amendment to the instruction occurred after the trial so neither the trial court nor defense counsel could have been aware of those future events.
*522 Nevertheless, the State argues that Murray is distinguishable because it dealt with the instruction on the use of "deadly" force as opposed to "non-deadly force." It also argues that the defendant invited the error by failing to object to the instructions. We find these arguments unpersuasive for two reasons. First, the analysis used in Murray is equally applicable to the non-deadly force instruction. And second, when the trial court gave the instruction, and defense counsel failed to object, it was an accepted standard jury instruction. It is unreasonable to equate a failure to object to a standard jury instruction to "invited error." Neither the record evidence nor cases cited by the State support its argument that the alleged error was invited, waived, or otherwise not fundamental.
Defendant also argues that the jury instruction imposing a "duty to retreat" on a defendant who employs self-defense while "engaged in unlawful activity" was confusing under the circumstances because the defendant was not engaged in any unlawful activity other than the crimes for which he asserted the justification.[3] Defendant's argument is well-taken as a logical application of our holding in Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). There, we held that an instruction on the "forcible felony" exception to self-defense is erroneous unless "the person claiming self-defense [was] engaged in another, independent `forcible felony.'" Id. at 1265. Like the "forcible felony" instruction in Giles, which erroneously implied that "the very act [the defendant] sought to justify itself precluded a finding of justification," a jury charged with the "unlawful activity" instruction might confuse the charged crimes with "unlawful activity" that precludes the justification of self-defense unless the defendant has retreated. Id. at 1266.
For these reasons, the conviction is reversed and the case remanded for a new trial.
Reversed and remanded for a new trial.
STONE J. and TUTER, JACK, Associate Judge, concur.
NOTES
[1] According to the defendant's neighbor, the victim appeared to be reaching in his pocket for a gun, but didn't get a chance to pull it out. The neighbor had previously called the police when the victim had fired guns.
[2] The two facts to be proved were: (1) the defendant "must have reasonably believed that such conduct was necessary to defend [himself] [herself] [another] against (victim's) imminent use of lawful force against the [defendant] [another person]"; and (2) "The use of lawful force by (victim) must have appeared to (defendant) to be ready to take place." In re Standard Jury Instructions In Criminal Cases (2006-3), 947 So.2d 1159, 1160 (Fla.2007).
[3] "If the defendant was not engaged in an unlawful activity and was attacked in any place where [he][she] had a right to be, [he][she] had no duty to retreat and had the right to stand [his][her] ground and meet force with force, including deadly force. . . ." In re Standard Jury Instructions in Criminal Cases (2006-3), 947 So.2d 1159, 1161 (Ha. 2007).