988 So.2d 1185 (2008)
Mark A. FIELDS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1303.
District Court of Appeal of Florida, Fifth District.
August 8, 2008.
*1186 James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Brigid E. Collins, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Mark A. Fields appeals his convictions of burglary with a firearm with a battery, aggravated assault with a firearm, and criminal mischief. Fields argues that the trial court erred by (1) instructing the jury that he was required to prove his claim of self-defense beyond a reasonable doubt, and (2) denying his motion for new trial in light of newly-discovered evidence. We agree that the self-defense instruction was fundamentally flawed and reverse. As a result, we need not address the second issue.
Fields was charged by amended information with one count of burglary of a structure with a firearm with a battery, two counts of aggravated assault with a firearm, and one count of criminal mischief, *1187 following a fight. He was tried jointly with co-defendant Alvin Conrad.[1]
At trial, the State offered witnesses who testified that on the evening in question, Fields and Conrad were patrons at Jesse Black's Saloon. Fields, who was described as drunk and rowdy, hurled some insults at a woman and was told by a bouncer, Ben Desormo, to apologize. Apparently upset by the treatment that Fields was receiving, Conrad took a swing at Desormo, known to his friends as "Big Ben," as he is six foot six inches tall and weighs close to three hundred pounds. Desormo struck back, knocking Conrad to the floor with one or two punches. Fields and Conrad were then escorted to the door and told to leave. They left the bar, went to Fields's truck and retrieved a shotgun. They then reentered the bar with Fields yelling, "Where's the big guy?" Conrad struck three individuals while Fields held the shotgun. Fields then used the shotgun to smash the cash register, causing the shotgun to break. Several patrons and staff members then attacked and beat Fields and Conrad, holding them until the police arrived.
Not surprisingly, Fields's version of events differed markedly. Fields testified that the incident started when Desormo knocked Conrad off a bar stool. Desormo then struck Fields, knocking him unconscious. When Fields regained consciousness, he saw Conrad on the floor being punched by four or five people. Fields then ran to his truck, retrieved his shotgun, and returned to the bar to defend Conrad. Fields testified that he was again knocked unconscious when someone hit him in the back of the head. The next thing that Fields remembered was being told by a police officer that he was under arrest. Another witness corroborated Fields's version of events. Conrad did not testify.
As to Fields's claim of self-defense, in relevant part, the trial court instructed the jury without objection:
An issue in this case is whether the defendant acted in self-defense. It is a defense to Counts 1, 2, and 3 of the charges with which Mark Anthony Fields is charged if the injury to William Giddens or Billy Mahler or Brian Clamon or others resulted from the justifiable use of nondeadly force.
Nondeadly force means force not likely to cause death or great bodily harm.
Mark Anthony Fields would be justified in using nondeadly force against William Giddens or Billy Mahler or Brian Clamon or others if the following two facts are proved beyond a reasonable doubt: Number one, Mark Anthony Fields must have reasonably believed that such conduct was necessary to defend himself or Alvin Daniel Conrad against William Giddens or Billy Mahler or Brian Clamon or others' imminent use of unlawful force against Mark Anthony Fields or Alvin Daniel Conrad.
Number two, the use of unlawful force by William Giddens or Billy Mahler or Billy [sic] Clamon or others must have appeared to Mark Anthony Fields to be ready to take place.
. . . .

If in your consideration of the issue of self-defense, you have a reasonable *1188 doubt on the question of whether the defendant was justified in the use of nondeadly force, you should find the defendant not guilty. However, if from the evidence you are convinced that the defendant was not justified in the use of nondeadly force, then you should find him guilty if all the elements of the charge have been proven.
The jury found Fields guilty of burglary with a firearm with a battery, guilty of one count of aggravated assault with a firearm, not guilty of one count of aggravated assault with a firearm, and guilty of criminal mischief.
Fields contends that the trial court's jury instruction on self-defense was error, as it misstated the burden of proof. Fields acknowledges that he did not properly preserve this issue for appellate review but argues the instructional error was fundamental. "For an issue to be preserved for appeal, ... it `must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'" Archer v. State, 613 So.2d 446, 448 (Fla.1993) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). "Absent a timely objection at trial, an issue concerning jury instructions can be raised on appeal only if fundamental error occurred." Hadnot v. State, 956 So.2d 1206, 1208 (Fla. 5th DCA 2007).
When the defense of self-defense is asserted, a defendant has the burden of producing enough evidence to establish a prima facie case demonstrating the justifiable use of force. Fowler v. State, 921 So.2d 708, 711 (Fla. 2d DCA 2006); see Murray v. State, 937 So.2d 277, 282 (Fla. 4th DCA 2006) (holding that law does not require defendant to prove self-defense to any standard measuring assurance of truth, exigency, near certainty, or even mere probability; defendant's only burden is to offer facts from which his resort to force could have been reasonable). Once a defendant makes a prima facie showing of self-defense, the State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Fowler, 921 So.2d at 711. The burden of proving guilt beyond a reasonable doubt, including the burden of proving that a defendant did not act in self-defense, never shifts from the State. Id. (citing Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984)).
By coincidence, several days prior to Fields's trial, the Florida Supreme Court amended Standard Jury Instruction (Criminal) 3.6(g), the self-defense instruction, to clarify that a defendant is not required to prove self-defense "beyond a reasonable doubt." In re Standard Jury Instructions in Criminal Cases (No. 2006-3), 947 So.2d 1159 (Fla.2007). The instruction was amended to read:
(Defendant) would be justified in using non-deadly force against (victim) if the following two facts are proved beyond a reasonable doubt:
. . . .
If, in your consideration of the issue of self-defense, you have a reasonable doubt on the question of whether the defendant was justified in the use of non-deadly force, you should find the defendant not guilty.
However, if from the evidence you are convinced that the defendant was not justified in the use of non-deadly force, then you should find [him] [her] guilty if all the elements of the charge have been proved.
Id. at 1160, 1162.[2]
While we have no difficulty in concluding that the self-defense instruction *1189 given here was erroneous,[3] the more difficult question is determining if the flawed instruction constitutes fundamental error.[4] The Fourth District has recently considered several similar cases involving the same jury instruction. Primary among them is Murray v. State, 937 So.2d 277 (Fla. 4th DCA 2006). In Murray, the jury was instructed that the defendant must prove his claim of self-defense "beyond a reasonable doubt" (an erroneous instruction), while also providing that if the jurors had reasonable doubt whether the defendant was justified in using force, they should find the defendant not guilty (a proper instruction). In considering whether that instruction constituted fundamental error, the court reasoned:
We emphasize that the defect involves an erroneous reasonable doubt standard. Jurors were forced to choose between two contradictory standards: (1) that defendant was required to prove self-defense beyond a reasonable doubt, and (2) that if they had reasonable doubts about his claim of self-defense they should find him not guilty. When jurors are faced with both correct and erroneous instructions as to the applicable legal rules, there is no reason to believe that they are likely to intuit which is the correct one and which is the erroneous one....
. . . .
.... The conclusion is therefore inescapable that the jury may well have decided this case under an erroneous instruction as to the burden of proof.
937 So.2d at 280. The court concluded that such an error was fundamental because it essentially defined the defendant's sole legal defense out of existence. Id. at 281; see Novak v. State, 974 So.2d 520 (Fla. 4th DCA 2008) (citing Murray and extending it to justifiable use of non-deadly force instruction); Testerman v. State, 966 So.2d 1035 (Fla. 4th DCA 2007) (finding reversible fundamental error when conflicting jury instructions on self-defense may have led jurors to find defendant guilty because he did not prove elements of self-defense beyond reasonable doubt); see generally Campbell v. State, 33 Fla. L. Weekly D13, D14, ___ So.2d ____, ____, 2007 WL 4404638 (Fla. 4th DCA Dec. 19, 2007) (cautioning trial court on retrial "to avoid giving any impression in jury instructions that defendant has any burden of proof regarding self-defense").
In Martinez v. State, 981 So.2d 449 (Fla. 2008), the Florida Supreme Court recently cautioned against finding fundamental error in jury instructions relating to an affirmative defense, holding:
Where the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is "so flawed as to deprive *1190 defendants claiming the defense ... of a fair trial." Smith v. State, 521 So.2d 106, 108 (Fla.1988). Additionally, the fundamental error doctrine "should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Id. (citing Ray v. State, 403 So.2d 956, 960 (Fla. 1981)).
Id. at 455.
The Martinez court concluded that an erroneous jury instruction in that case was not fundamental error in part because Martinez's claim of self-defense was extremely weak. Not only was Martinez's own testimony inconsistent as to his self-defense argument, but his only injury was a 1/4-inch cut on his finger, while his girlfriend suffered multiple stab wounds, including one in her back. The court determined that an erroneous and confusing instruction as to one defense was not fundamental as it "did not deprive Martinez of his sole, or even his primary, defense strategy." Id. at 456.
Here, however, as in Murray, Fields's only affirmative defense was self-defense. While Fields's self-defense argument was certainly at odds with the State's witnesses' accounts of the events, there were no inconsistencies in his testimony and he had at least one corroborating witness. Further, he and Conrad suffered severe injuries, so it is at least plausible that he was fighting to protect himself and Conrad. Given the facts of this case, we conclude the instructional error was fundamental. It is possible that the jury had reasonable doubts about Fields's right of self-defense, but still found him guilty because he did not prove the elements of self-defense beyond a reasonable doubt. This deprived him of a fair trial. As a result, we reverse Fields's convictions and remand for a new trial.
REVERSED AND REMANDED.
SAWAYA, J., concurs.
LAWSON, J., concurring with opinion.
LAWSON, J., concurring.
I fully agree with the majority opinion and would simply add that in this case the prosecutor also inaccurately stated the burden of proof, telling the jury in his closing argument that Fields had the burden of proving the elements of self-defense beyond a reasonable doubt. Defense counsel did not correctly argue the law either and simply deferred to the judge's instructions.
NOTES
[1] Conrad also appealed his conviction. Conrad raised the same claims as Fields, with the additional argument that the trial court erred by denying his motion for arrest of judgment based upon inconsistent verdicts. His conviction was affirmed in part and reversed in part for the trial court to correct its judgment to reflect a conviction of burglary of a structure while armed instead of burglary of a structure with a battery while armed. Conrad v. State, 977 So.2d 766 (Fla. 5th DCA 2008).
[2] The Florida Supreme Court attempted to make the same change in 2006. However, due to an error in the appendix to the instructions, the instruction had to be amended again in 2007. See In re Standard Jury Instructions in Criminal Cases (No. 2006-3), 947 So.2d at 1159.
[3] In addressing this issue in Fields's co-defendant's case, we acknowledged that the jury instruction was erroneous, but not harmful as Conrad's self-defense claim was applicable only as to the battery counts, of which he was acquitted. See Conrad, 977 So.2d at 769.
[4] Relying on Sochor v. State, 619 So.2d 285, 290 (Fla. 1993), the State argues that fundamental error did not occur due to the fact that "[f]ailure to give an instruction unnecessary to prove an essential element of the crime charged is not fundamental error." Sochor, however, addressed an instance where the trial court failed to give a requested instruction. Here, the trial court gave an erroneous and potentially confusing jury instruction. Thus, fundamental error must be considered. See Holiday v. State, 753 So.2d 1264, 1269 (Fla.2000).