LAWSON, J.
Michael Spicer appeals from his aggravated battery conviction and fifteen-year prison sentence entered following a jury’s verdict of guilty on the charge. Finding ineffective assistance of counsel apparent on the face of the record, we reverse for a new trial. See, e.g., Bruno v. State, 807 So.2d 55, 63 n. 14 (Fla.2001) (“A claim of ineffectiveness can properly be raised on direct appeal only if the record on its face demonstrates ineffectiveness.”).
Spicer’s sole defense at trial was self-defense. He took the stand himself to testify that he punched the victim only in self-defense after the victim attacked him. Spicer’s counsel also called another eyewitness, Spicer’s girlfriend, who corroborated this defense. The law is clear that raising self-defense does not shift the burden of proof to the defendant. Rather, “[o]nce a defendant makes a prima facie showing of self-defense, the State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.” Fields v. State, 988 So.2d 1185, 1188 (Fla. 5th DCA 2008) (citing Fowler v. State, 921 So.2d 708, 711 (Fla. 2d DCA 2006)); see also Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984) (‘While the defendant may have the burden of going forward with evidence of self-defense, the burden of proving guilt beyond a reasonable doubt never shifts from the State, and this standard broadly includes the requirement that the State prove that the defendant did not act in self-defense beyond a reasonable doubt.”) (citations omitted).
Spicer’s counsel was obviously unaware of the law on this point, and repeatedly explained to the jury in his closing argument that it was Spicer’s burden to prove self-defense. Compounding this mistake, Spicer’s lawyer proposed an old standard jury instruction which also erroneously stated that self-defense had to be “proved beyond a reasonable doubt.” This was the instruction read to the jury.[1]
*708 Because we can conceive of no possible strategy on this record that could justify Spicer’s lawyer shifting the burden of proof to his client as to the only real issue at trial, we find this to be one of those rare cases where counsel’s deficient performance is clear from the face of the record on direct appeal. We also find prejudice apparent on the face of the record. To show prejudice in this context, a defendant “need not show that counsel’s deficient conduct more likely than not altered the outcome in the case.” Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rather, prejudice is demonstrated where there is a “reasonable probability” that counsel’s deficient performance altered the outcome of the trial. Id. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. A court’s concern should be “whether the result of a particular proceeding is unreliable because of a breakdown in the adversarial process.” Downs v. State, 453 So.2d 1102, 1108-09 (Fla.1984). We have carefully reviewed this record. Clearly, the State presented evidence from which a jury could have rejected the self-defense claim beyond a reasonable doubt. However, this was Spicer’s only defense at trial. And, the defense was supported by testimony that, if believed, could have been sufficient to create a reasonable doubt in the minds of jurors properly instructed on the law. Therefore, we find that counsel’s burden-shifting error caused a breakdown in the adversary process sufficient to undermine our confidence in the outcome of this trial.
REVERSED AND REMANDED.
MONACO, C.J., and JACOBUS, J., concur.

. The erroneous instruction was replaced nine months prior to Spicer's trial by an amended version which struck the offending language. See In re Standard Jury Instructions in Criminal Cases (No. 2006-3), 947 So.2d 1159 (Fla.2007). As explained in Fields, the old instruction also contained a correct statement regarding the burden of proof on this issue, but was defective because it required the jury to " 'choose between two contradictory standards!)]' ” one of which erroneously shifted the burden of proof to the defendant. Fields, 988 So.2d at 1189 (quoting Murray v. State, 937 So.2d 277, 280 (Fla. 4th DCA 2006)). In Fields, we found fundamental error when this instruction was given without objection. Because it was Spicer's attorney who affirmatively requested the instruction in this case, however, we have not addressed the issue using a fundamental error analysis. See Caldwell v. State, 920 So.2d 727, 732 (Fla. 5th DCA 2006) ("An instruc *708 tional mistake does not rise to the level of fundamental error when defense counsel affirmatively requests the deletion or alteration of the jury instruction that subsequently forms the basis of the requested relief in the appellate court."); Weber v. State, 602 So.2d 1316, 1319 (Fla. 5th DCA 1992) ("After a guilty verdict has been returned based on [a] requested instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error. Principles of estoppel, waiver, and invited error, forestall the possible success of such a ruse.”) (footnotes and citations omitted).