[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13564
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21601-CV-AJ

JOSEPH P. MANNING,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
Bill McCollum,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Joseph P. Manning, a Florida state prisoner proceeding *pro se*, appeals the

district court's denial of his habeas corpus petition, 28 U.S.C. § 2254, alleging that his trial attorney was ineffective for failing to strike a particular juror during jury selection. After a thorough review, we affirm.

Manning was indicted by a Florida grand jury for first-degree premeditated murder. During *voir dire*, defense counsel asked potential juror Paula Paul whether she felt that the defense had to prove anything during the trial, and she replied that it did. Counsel then explained that the state had the burden of proving beyond a reasonable doubt that Manning had committed the crime and asked Paul if she still wanted the defense to provide something. Paul again replied that she did. Despite these comments, both the state and the defense accepted Paul as a juror. Manning testified in his own defense, was found guilty, and was sentenced to life without parole. The state appeals court affirmed Manning's conviction and sentence on direct appeal.

Manning then filed a *pro se* motion for state post-conviction relief under Fla.R.Crim.P. 3.850, alleging, *inter alia*, that his trial counsel was ineffective for failing to strike juror Paul.

At an evidentiary hearing, the assistant public defender who had represented Manning at trial, Michael Melinek, testified that his trial strategy was to argue self-defense. Because this defense necessitated Manning's testimony at trial, and Paul

2

had stated that she wanted to hear from the defense, Melinek decided not to strike Paul from the panel. Moreover, there was other background information that led Melinek to believe she would be a favorable juror for the defense. After *voir dire* was complete, Melinek went over his notes with Manning, and they discussed issues. Melinek did not recall Manning's objecting to any of the jurors.

The state trial court denied Manning's post-conviction motion in a written order, finding that Melinek had made a valid and reasonable decision to keep Paul on the jury panel. Manning then filed the instant § 2254 petition.

A magistrate judge recommended that the district court deny Manning's § 2254 petition because the state court's factual determination was amply supported by the evidence and Manning could not establish prejudice arising from counsel's alleged deficient performance. The district court adopted the magistrate's recommendation over Manning's objections. Although the district court noted Paul's problematic answers during *voir dire*, it concluded that there was no evidence Paul was biased because, under Florida law, a defendant has the initial burden of producing evidence to support a *prima facie* case of self defense. Accordingly, the district court concluded that under the specific circumstances of the case, the state court's decision was not contrary to or an unreasonable application of federal law.

3

Manning requested a certificate of appealability, which the district court granted with respect to whether Manning's trial counsel rendered ineffective assistance when he failed to strike prospective juror Paul during jury selection.

On appeal, Manning argues that Melinek erred in failing to strike potential juror Pauline Paul because she indicated that she was biased and unable to render a fair or impartial verdict. Manning argues that, regardless of counsel's trial strategy, Paul should have been removed because reasonable doubt existed as to whether she was impartial.

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). Federal courts are forbidden from granting habeas relief on claims that were previously adjudicated in state court, unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

4

U.S.C. § 2254(e)(1).

To prove ineffective assistance of counsel under federal law, a defendant must show both (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where a defendant makes an insufficient showing on one prong of the *Strickland* test, we need not address the other. *Id.* at 697. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.

The Supreme Court has instructed that courts' scrutiny of counsel's performance should be "highly deferential," specifying that

> [a] court must indulge a strong presumption that counsel's conduct
> falls within the wide range of reasonable professional assistance; that
> is, the defendant must overcome the presumption that, under the
> circumstances, the challenged action "might be considered sound trial
> strategy." There are countless ways to provide effective assistance in
> any given case. Even the best criminal defense attorneys would not
> defend a particular client in the same way.

*Id.* at 689 (citation and quotations omitted). Additionally, under Florida law, "[w]hen the defense of self-defense is asserted, a defendant has the burden of producing enough evidence to establish a *prima facie* case demonstrating the justifiable use of force." *Fields v. State*, 988 So. 2d 1185, 1188 (Fla. Dist. Ct. App.

5

2008).

Here, the district court properly denied Manning's § 2254 petition because he failed to show that trial counsel was deficient or that he was prejudiced as a result of counsel's strategic decision. Under state law, Manning retained the burden to show a *prima facie* case of self defense. Therefore, under the circumstances, Melinek's decision not to strike Paul was a reasonable trial strategy. Because counsel's performance was not deficient, the state court's decision to deny relief was not contrary to or an unreasonable application of federal law. The denial of Manning's § 2254 petition is

**AFFIRMED.**