LAWSON, J.,
Concurring.
Reginald Cornelius Jones appeals his conviction and sentence on a charge of aggravated assault with a firearm, arguing that the self-defense instruction used at his trial constituted fundamental error because it negated his defense by implying that Jones could only claim self defense if the victim suffered a physical injury. Because the Fourth District has repeatedly found use of the same instruction to be fundamental error on similar facts,[1]1 think it important to note that the panel did not reach the merits of this issue because it was Jones’ trial counsel who provided the instruction to the court and requested its use. See Spicer v. State, 22 So.3d 706, 707 n. 1 (Fla. 5th DCA 2009) (declining to address jury instruction issue using fundamental error analysis where it was the defendant’s “attorney who affirmatively requested the instruction” complained of on appeal); Caldwell v. State, 920 So.2d 727, 732 (Fla. 5th DCA 2006) (“An instructional mistake does not rise to the level of fundamental error when defense counsel affirmatively requests the deletion or alteration of the jury instruction that subsequently forms the basis of the requested relief in the appellate court.”); Weber v. State, 602 So.2d 1316, 1319 (Fla. 5th DCA 1992) (“After a guilty verdict has been returned based on [a] requested instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error. Principles of estop-pel, waiver, and invited error, forestall the possible success of such a ruse.”) (footnotes and citations omitted). Accordingly, if Jones is entitled to relief on this issue, it will be through a timely filed motion for post-conviction relief alleging ineffective assistance of counsel for submitting an instruction to the trial judge that arguably negated Jones’ claim of self-defense. I agree with the majority that no other issue merits discussion.

. See Garrido v. State, 97 So.3d 291 (Fla. 4th DCA 2012); Brown v. State, 59 So.3d 1217 (Fla. 4th DCA 2011); Bassallo v. State, 46 So.3d 1205 (Fla. 4th DCA 2010).