EDWARDS, J.
The issue presented is whether a judgment confirming an arbitration award should be set aside because the parties arbitrated pursuant to an agreed order that was not substantially similar to the mandatory form order of referral to nonbinding arbitration that had been adopted by the chief judge of the Seventh Judicial Circuit in which the case was pending. Below, the appellant, C.V. Alexander, moved for relief from the judgment, asserting that deficiencies in the agreed order denied him due process and that his counsel’s lack of familiarity with nonbinding arbitration procedures constituted excusable neglect regarding Alexander’s failure to timely request trial de novo. We find that the trial court properly denied Alexander’s motions and affirm.
In 2007, Alexander, owner of a condominium unit, sued his condominium association, the appellee, Quail Pointe II Condominium Association (“Quail Pointe”), asserting negligent repair and maintenance of common elements, among other claims. Quail Pointe joined repairmen and material suppliers as third-party defendants, seeking indemnification and contribution. The litigation was protracted. Mediation had been unsuccessful.
After the case was initially scheduled for the April 2013 trial docket, Quail Pointe moved to amend its third-party complaint and to continue the trial. In a written order, the court granted both motions, rescheduled the case for the May 20, 2013 trial docket, and sua sponte referred the matter to non-binding arbitration.
The parties submitted an Agreed Order Scheduling Non-Binding Arbitration (“Agreed Order”). The Agreed Order identified the arbitrator, established the arbitration venue, set the date and times for the arbitration, outlined detailed procedures regarding presentation of evidence, and established sequential deadlines for the various parties’ submissions to the arbitrator. The Agreed Order stated that the parties agreed to delay all trial deadlines until “the completion of arbitration” and that “completion of arbitration shall be defined as set forth in Florida Rule of Civil Procedure 1.820(g).” The court entered the Agreed Order and served it on all counsel.
The arbitration was conducted in accordance with the Agreed Order. The arbitrator then served all counsel with a written arbitration award which included in its preliminary remarks that the arbitration had been “conducted pursuant to Chapter 44, Florida Statutes, and as such is at present, Non-Binding on the Parties.” The five page arbitration award reviewed the issues, discussed the presentations, and rendered a decision denying all claims raised by Alexander.
None of the parties filed a motion for trial de novo within twenty-five days of the service of the arbitration award. On the twenty-sixth day following service of the arbitration award, Quail Pointe filed its motion for entry of a judgment to confirm the arbitration award. On the same day, Alexander served and filed a motion for trial and a response to Quail Pointe’s request for entry of judgment. At a hearing, Quail Pointe argued that Florida Rule of Civil Procedure 1.820 and section 44.103, Florida Statutes (2011), mandate entry of a confirmatory judgment because the time to request trial de novo had expired. Alexander argued that Quail Pointe had no right to a judgment because the Agreed *820 Order failed to track the language of the mandatory form order of referral adopted in the Seventh Judicial Circuit. Thus, the nonbinding arbitration was not governed by the rule and statute cited by Quail Pointe. Alexander argued in the alternative that his attorney’s lack of familiarity with nonbinding arbitration procedures and deadlines constituted excusable neglect for failing to timely request trial de novo.
Noting that the Agreed Order referred to rule 1.820 and that the arbitration award referenced chapter 44, Florida Statutes, the trial court found no excusable neglect for Alexander’s counsel’s failure to timely move for trial de novo. The trial court granted Quail Pointe’s motion and entered judgment confirming the arbitration award. Alexander filed motions for rehearing, for relief from the judgment, and to vacate the judgment. The trial court denied Alexander’s additional motions.
Nonbinding arbitration is governed substantively by section 44.103, Florida Statutes, and procedurally by rule 1.820. A case may be referred to nonbinding arbitration upon stipulation of the parties, by motion of any party, or sua sponte by the court. Fla. R. Civ. P. 1.800. Any party dissatisfied with the arbitrator’s decision may request a trial de novo by serving a motion within twenty days following service of the arbitrator’s written decision. Fla. R’. Civ. P. 1.820(h). A party has an additional five days to serve the motion if the arbitration decision was mailed. Fla. R. Civ. P. 1.090(6). The right to a trial on the merits can be forfeited by failure to comply with the procedures governing nonbinding arbitration. A “nonbinding” arbitration decision, despite its name, becomes “binding” or “final” by default, by operation of law, and without express agreement of the parties, unless a motion for trial de novo is timely filed after the arbitration decision is served. § 44.103(5), Fla. Stat. (2011).
Nonbinding arbitration has been described as so “[fjraught with intricate rules and sometimes harsh ramifications” that “it can be said to resemble a minefield.” Daniel Morman & Jonathan Whitcomb, Navigating the Nonbinding Arbitration Minefield in Florida, 81 Fla. B.J. 19, 19 (2007). The time period within which a request for trial de novo may be served is a “window” that opens when the written arbitration decision is served and closes twenty days after. See Stowe v. Universal Prop. & Cas. Ins. Co., 937 So.2d 156, 158 (Fla. 4th DCA 2006) (finding a request for trial de novo non-complying where it was served after the arbitration hearing, but before the written decision had been served). A request for trial de novo that is served when the “window” is closed, whether too early or too late, is ineffective and will be denied. Id. at 158; Klein v. J.L. Howard, Inc., 600 So.2d 511, 512 (Fla. 4th DCA 1992).
The chief judge of each judicial circuit is required to adopt procedures regarding the time and place for arbitration hearings, and each chief judge is permitted to order other procedures to facilitate “the expeditious and orderly operation of the arbitration hearing.” Fla. R. Civ. P. 1.820(b)(1). Here, the chief judge of the Seventh Judicial Circuit set forth the arbitration procedures in Administrative Order CV-2009-019-SC. The administrative order states in part that “[wjhen referring a case to non-binding arbitration, an Order of Referral in a format substantially similar to that attached hereto as Attachment A must be used.” (emphasis added). The Seventh Circuit’s form order referring a case to nonbinding arbitration requires that an attached, specific Notice of Arbitration form *821 shall be filled out and served upon all the parties by the arbitrator.[1]
The Seventh Circuit’s mandatory form referral order and form notice provide comprehensive information and advice about nonbinding arbitration. The form order advises the parties that the referral to nonbinding arbitration is made pursuant to Florida Rules of Civil Procedure 1.700, 1.800, 1.810, and 1.820 together with section 44.108, Florida Statutes. The form notice encourages the participants to become familiar, prior to the arbitration hearing, with Administrative Order CV-2009-19-SC; Florida Rules of Civil Procedure 1.700, 1.800, 1.810, and 1.820; section 44.108, Florida Statutes; and Rules 11.010 through 11.130, Florida Rules for Court-Appointed Arbitrators. Importantly, the Seventh Circuit’s form notice states that “[a]ny party may file a motion for trial de novo. However, if a motion for trial de novo is not filed within twenty (20) days of service of the decision on the parties, the arbitrator’s decision will be considered final.” The form notice further states that if a timely motion for trial de novo is not filed, “such orders and judgments as may be required to carry out the terms of the decision will be entered.”
If nonbinding arbitration may be considered the equivalent of a minefield, as suggested by some, then the Seventh Circuit’s mandatory form referral order and form notice provide a comprehensive plan and map for safely navigating that minefield. The Agreed Order referring this case to nonbinding arbitration should have been substantially similar to the Seventh Circuit’s form referral order and notice, but it was not. The Agreed Order of referral used in this case did not notify the parties that the “nonbinding” arbitration would become irrevocably “binding” unless a motion for trial de novo was timely filed.
Alexander improperly relies on Gallardo v. Scott, 821 So.2d 1237 (Fla. 5th DCA 2002), for the proposition that an arbitration award is unenforceable unless the case was referred to nonbinding arbitration by a written order and notice of arbitration that substantially conformed to the Seventh Circuit’s form order of referral. Gal-lardo is not applicable to this case for several reasons. In Gallardo, there was no written order referring the case to nonbinding arbitration, nothing set forth in writing as to how the arbitration would proceed, no pre-arbitration reference to rule 1.820, and no mention of chapter 44, Florida Statutes, in the award. Id. at 1238-41. Additionally, the written arbitration decision was filed with the court instead of being served on the parties and their counsel. Id. at 1239. Under those circumstances, this court determined the judgment should be set aside “because of the number and the seriousness of the many defects in [the] proceeding”. Id. at 1242. As the trial court properly found, the facts presented here are dissimilar to the facts in Gallardo.
Alexander alternatively sought relief from the judgment confirming the arbitration decision pursuant to Florida Rule of Civil Procedure 1.540. A judgment entered in accordance with the provisions of rule 1.820(h) may be set aside even when a party fails to timely move for trial de novo if the moving party sets forth facts that constitute excusable neglect. Preferred Mut. Ins. Co. v. Davis, 629 So.2d 259, 260-61 (Fla. 4th DCA 1993). Here, Alexander argues that his attorney’s lack *822 of familiarity with nonbinding arbitration constituted excusable neglect. “Generally, the courts do not find excusable neglect in the attorney’s misunderstanding or ignorance of the law or rules of procedure.” Carter v. Lake Cnty., 840 So.2d 1158, 1158 n. 6 (Fla. 5th DCA 2003). An attorney’s confusion or lack of knowledge as to time requirements and deadlines imposed by the rules of procedure does not constitute excusable neglect. Spencer v. Barrow, 752 So.2d 135, 138 (Fla. 2d DCA 2000). We agree with the trial court’s finding that Alexander failed to demonstrate excusable neglect.
Alexander is not entitled to relief for a more fundamental reason. Alexander’s counsel was provided with the proposed Agreed Order before it was submitted to the trial court for execution, and he raised no objections. Though the Agreed Order should have been substantially similar to the Seventh Circuit’s form order, any deficiencies in the form or content of the Agreed Order are the fault of the parties and their counsel, not the trial court. “Under the doctrine of invited error, a party cannot successfully complain [on appeal] of error for which he is himself responsible, or of rulings that he has invited the trial court to make.” Volusia Cnty. v. Niles, 445 So.2d 1043, 1048 (Fla. 5th DCA 1984). This doctrine holds trae whether the error was invited solely by appellant’s counsel being unaware of the governing law, Spicer v. State, 22 So.3d 706, 708 n. 1 (Fla. 5th DCA 2009), or jointly by appellant and his opponent, Weber v. State, 602 So.2d 1316, 1319 (Fla. 5th DCA 1992). “The fault should not be laid upon the trial judge; rather, it must be placed upon [the attorneys] who led the court into error.” Keller Indus., Inc. v. Morgan, 412 So.2d 950, 951 (Fla. 5th DCA 1982). Alexander invited error and cannot now be heard to complain.
AFFIRMED.-
EVANDER and COHEN, JJ., concur.

. Copies of the Seventh Circuit’s administrative order, the form referral order (Attachment A) and the form notice can be found at http://www.circuit7.org/Administrative20 Orders/civil/CV-2009-019-SC.