WARNER, J.
Appellant, Anthony Brown, appeals his convictions for battery on a law enforcement officer, depriving an officer of a means of communication, resisting arrest without violence, and driving while license suspended. At trial, he relied on a self-defense theory as to the charge of battery on a law enforcement officer. The trial court instructed the jury using the standard instruction, but in doing so the instruction required that self-defense was authorized only if injury to the victim occurred. As no injury did occur in this instance, the jury instruction negated appellant’s self-defense theory. As such, the erroneous self-defense instruction constituted fundamental error, requiring reversal of appellant’s conviction for battery on a law enforcement officer.
While on road patrol in the early morning hours, a deputy of the Broward County Sheriffs Department noticed a car proceeding without lights. The deputy activated the lights on his patrol car to initiate a traffic stop, but appellant, who was driving the car, refused to stop and continued to travel southbound. The deputy then turned on his siren in an effort to get appellant’s attention, but appellant continued moving. After a short chase, appellant pulled to the side and jumped out of the car to run away. The deputy got out of his patrol car and chased him, eventually tackling him and bringing both of them to the ground.
The deputy told appellant to put his hands behind his back and to stop resisting, but appellant continued to struggle, trying to get away. The deputy attempted to roll appellant over and place appellant’s hands behind his back in an effort to handcuff him. However, appellant struck back at him, hitting him in the chest and kicking him. Meanwhile, the deputy was attempting to radio for backup, but appellant pulled the radio off the deputy’s shoulder. The deputy could not find the radio on the ground and could not contact the dispatcher.
Later during the struggle, the deputy had one of appellant’s hands behind his back. As the deputy tried to get his handcuffs out, appellant tried to run again. At that point, the deputy punched appellant in the face twice, holding his handcuffs as he struck appellant. Afterwards, appellant became compliant and was handcuffed. The deputy testified that he was not injured by appellant’s punches and kicks, and that he did not seek any medical treatment following the struggle.
Appellant testified and described a considerably different version of the incident. He admitted that he knew the officer wanted him to pull over and that he re *1219 fused, because he knew his license was suspended. He also testified that he has had negative experiences with law. enforcement and that he has known police officers to be very aggressive, which was on his mind when he refused to pull over. Appellant slowed his car down and jumped out to run, hoping to avoid getting arrested. He acknowledged that he heard the officer running behind him, but appellant decided not to stop. The officer eventually tackled appellant to the ground.
Appellant admitted that he resisted the deputy in that he simply “locked up” or “tensed up” when he was on the ground. He denied that he. pushed against the ground trying to get back up. After appellant realized there was no hope, he allowed his hands to go free, but the officer then punched him two or three times in the face with the handcuffs. He did not hit or kick the deputy before he was punched, but acknowledged that when he “went to ward off the onslaught of punches,” he probably did hit the officer. After he was arrested, he was taken to the hospital for treatment of a broken nose, a laceration under his eye, a gash in his lip, a contusion to the face, and headaches. He was then taken to the jail infirmary, where he stayed for approximately seven days.
The trial court gave standard instruction 3.6(g) on the justifiable use of non-deadly force, instructing the jury in pertinent part as follows:
An issue in this ease is whether the defendant acted in self-defense. It is a defense to the offense with which the defendant is charged if the injury to Stephen Scrobe resulted from the justifiable use of non-deadly force.
(emphasis added). Defense counsel lodged no objection to the charge. The prosecutor then argued to the jury that it should ignore the self-defense claim because there was no injury to the deputy. Although the defense objected that this was a misstatement of the law, the trial court overruled the objection. Appellant was convicted of all charges.
On appeal, appellant maintains that the standard jury instruction on self-defense is fundamentally flawed, because it erroneously indicates that an injury to the victim is required before a jury may find that a. defendant. acted in self-defense. Recently, in Bassallo v. State, 46 So.3d 1205 (Fla. 4th DCA 2010), we decided this very issue and held that the trial court fundamentally errs in giving the standard jury instruction on self-defense, which included the word “injury,” where injury was not an element of the crime and the state presented no evidence of injury to the victim. In that case, as in this one, the prosecutor also used the “no injury” response to the claim of self-defense in closing argument. Bassallo concluded that the error in the instruction was fundamental error, because it negated the defendant’s sole defense to the crime charged. Id. at 1211 (citing Martinez v. State, 933 So.2d 1155, 1166 (Fla. 3d DCA 2006)). Just as in Bassallo, injury was not an essential element of any of the crimes, and there was no evidence of injury to the deputy. Because the jury instruction on self-defense indicated that the defense applied only if the victim suffered an “injury,” and the state argued that the instruction did not apply because no injury occurred to the victim, fundamental error occurred in the instruction on self-defense, negating appellant’s sole defense.
Because of the error, we reverse for a new trial on battery on a law enforcement officer. We do not reverse on the remaining charges, as the self-defense instruction was given only in connection with the battery on a law enforcement officer charge. In addition, appellant admitted to resisting *1220 without violence and to driving with a suspended license. As to depriving the officer of a means of communication, his defense was that he never saw the radio, and if he hit it and knocked it off it was unintentional. Therefore, the fundamentally erroneous self-defense instruction was isolated to the first charge.
As to the appellant’s claim that the prosecutor made multiple improper comments in closing argument, we do not find that the prosecutor’s comments on the defense theories impermissibly disparaged appellant or defense counsel, but rather were within the permissible bounds of advocacy. Although the prosecutor did make some improper statements, including improper bolstering of the officer, we do not find these merit reversal of the remaining convictions which were not affected by the self-defense jury instruction.

Affirmed in part; reversed in part, and remanded for a new trial on battery on a law enforcement officer.

STEVENSON and GERBER, JJ., concur.