KHOUZAM, Judge.
Douglas Wayne Talley appeals his conviction and sentence for felony battery, arguing that the standard jury instructions on self defense given by the trial court constitute fundamental error. We reverse and remand for a new trial.
Talley was charged with aggravated battery (great bodily harm) and battery (domestic violence) on September 30, 2011. A jury trial was held. Talley’s only defense was that the alleged victim, John Mullen-dore, had attacked him with nondeadly force and thus Talley was justified in using nondeadly force in self defense. Mullen-dore testified that Talley stabbed him with something sharp two times without provocation and that he punched Talley in the jaw as he pushed Talley away from him. Talley, on the other hand, testified that Mullendore started the altercation by punching him in the jaw and that Mullen-dore was injured as the two men wrestled against a chain link fence. The trial court gave the following standard instructions on self defense:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Douglas Talley is charged if the injury to John Mullendore resulted from the justifiable use of non-deadly force.
“Non-deadly” force means force not likely to cause death or great bodily harm.
Douglas Talley would be justified in using non-deadly force against John Mullendore if the following two facts are proved:
1. Douglas Talley must have reasonably believed that such conduct was necessary to defend himself against John Mullendore’s imminent use of unlawful force against Douglas Talley.
2. The use of unlawful force by John Mullendore must have appeared to Douglas Talley to be ready to take place.
If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.
A person does not have a duty to retreat if the person is in a place where he has a right to be.
In deciding whether the defendant was justified in the use of non-deadly force, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a *1017 reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.
(Emphasis added.) The jury found Talley guilty of the lesser-included offense of felony battery. The battery (domestic violence) charge was nolle prossed. Talley was sentenced to 68.25 months in prison, and he timely appealed.
On appeal, Talley argues that the standard jury instructions given are fundamentally erroneous because they were misleading and eviscerated Talley’s only defense. He points out that there is a comma after the phrase “including deadly force” in the standard jury instruction, emphasized above, but not in the statutory section upon which the instruction is based. Section 776.013, Florida Statutes (2012), provides as follows:
(3) A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.
(Emphasis added.) The standard jury instruction given in this case follows the language of this statutory section but, as noted previously, sets off the phrase “including deadly force” with an additional comma. See Fla. Std. Jury Insr. (Crim.) 3.6(g). This additional comma is erroneous because under the rules of grammatical construction it makes the phrase “including deadly force” a nonessential part of the sentence and thus changes the meaning by indicating that a defendant has no duty to retreat and has the right to stand his ground and meet force with force only if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony. See Kasischke v. State, 991 So.2d 803, 812 (Fla.2008) (explaining that phrases set off by commas “are parenthetical, meaning that the sentence can stand alone without them. When an expression is essential to the sentence, however, it is not separated with commas”). In other words, the erroneous comma eliminated Talley’s sole defense by suggesting that Talley had no right to defend himself with any force whatsoever unless Mullendore threatened him with deadly force. Even if Mullendore attacked Talley with nondeadly force, Talley would have the duty to retreat according to this erroneous instruction.[1]
The State further misled the jury by relying on the erroneous instruction in closing argument: “Even if you believe the fish tale that John Mullendore was coming at [Talley], where was the great bodily harm or death that he was going to suffer? It didn’t happen. Or commission of a forcible felony, that wasn’t provided to you either.” If the State had not highlighted the erroneous instruction, this error may have been harmless.
But as this court stated in Carter v. State, where
a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate *1018 the defendant’s only defense, it is fundamental error and highly prejudicial to the defendant. Failure to give a complete and accurate instruction is fundamental error, reviewable in the complete absence of a request or objection.
469 So.2d 194, 196 (Fla. 2d DCA 1985). Further, “‘[wjhen jurors are faced with both correct and erroneous instructions as to the applicable legal rules, there is no reason to believe that they are likely to intuit which is the correct one and which is the erroneous one.’ ” Fields v. State, 988 So.2d 1185, 1189 (Fla. 5th DCA 2008) (quoting Murray v. State, 937 So.2d 277, 280 (Fla. 4th DCA 2006)).
Here, the justifiable use of nondeadly force was Talley’s only defense and any confusion caused by the instruction may have deprived Talley of a fair trial because his defense was plausible. Compare Martinez v. State, 981 So.2d 449, 455-56 (Fla.2008) (holding that the erroneous instruction on the defendant’s affirmative defense did not deprive him of a fair trial where he pursued multiple defenses and the one which received the erroneous instruction was extremely weak) with Fields, 988 So.2d at 1190 (holding that the erroneous instruction on the defendant’s sole affirmative defense deprived him of a fair trial where the defense was plausible). This case came down to a credibility call between Talley and the victim. If the instruction misled the jury, the jury could have believed Talley’s version of events and still found him guilty. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
ALTENBERND and LaROSE, JJ., Concur.

. Because this additional comma is erroneous, we urge the Florida Supreme Court Committee on Standard Jury Instructions in Criminal Cases to review instruction 3.6(g) and make appropriate changes so that it is consistent with section 776.013(3).