JACOBUS, J.
The appellant, Billy Washington, Jr., appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Washington was indicted for first-degree murder with a firearm and robbery with a firearm after he shot the victim five times during an incident at a restaurant. A crowd of patrons witnessed the shooting; however, most of these patrons were uncooperative, and only two testified at trial. The State nolle prose-quied the robbery charge, and Washington was tried before a jury on the charge of first-degree murder. His sole defense at trial' was that he was acting in self-defense. The jury returned a guilty verdict on the lesser included offense of manslaughter with a firearm. Washington appealed his conviction to this Court arguing that he was entitled to reversal because of improper prosecutorial argument amounting to fundamental error. This Court affirmed his conviction. Washington v. State, 935 So.2d 1256, 1257 (Fla. 5th DCA 2006).
Washington subsequently filed a motion for postconviction relief asserting six grounds. The lower court granted an evi-dentiary hearing on only three of these grounds. After the hearing, the court denied his motion for postconviction relief. We find no error in the court’s findings on Washington’s motion with the exception of one, which merits discussion.
Washington argues his trial counsel was ineffective because he did not request an addition to the justifiable homicide instruction to include aggravated assault and ag *1030 gravated battery as felonies Washington would have been justified to resist. Instead, the jury was instructed:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Billy Washington, Jr. is charged, if the death of Demario Freeman resulted from the justifiable use of force likely to cause death or great bodily injury.

The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to the defendant while resisting, one, another’s attempt to murder the defendant, or, two, any attempt to commit robbery upon the defendant.

Persons are justified in using force likely to cause death or great bodily harm if they reasonably believe that such force is necessary to prevent, one, imminent death or great bodily harm to themselves or another, or, two, the imminent commission of robbery against themselves or another.
(Emphasis added). At the evidentiary hearing, trial counsel testified he made a strategic decision not to include the additional felonies in the jury instruction because the victim was not holding a gun during the shooting, and he thought the robbery was more believable to a jury. Trial counsel also claimed he likely discussed the instructions with Washington, but Washington disputed that claim. The lower court found the decision not to ask for the additional felonies was not ineffective assistance because it was a strategic decision made after consideration of alternate courses and was reasonable under the norms of professional conduct. See Reynolds v. State, 99 So.3d 459, 471 (Fla.2012). The lower court also determined that Washington was unable to demonstrate
prejudice under Strickland[1] because the instructions included the following additional provisions:
The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant or to commit a felony in any dwelling house in which the defendant was at the time of the killing.
[[Image here]]
If you find that the defendant, who because of threats or difficulties with Demario Freeman had reasonable grounds to believe that the defendant was in danger of death or great bodily harm at the hands of Demario Freeman, then the defendant had a right to arm himself.
[[Image here]]
If you find that Demario Freeman had a reputation of being a violent and dangerous person and that the victim’s reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
Washington now complains the defense strategy was unreasonable and counsel should have requested an instruction that included the aggravated assault and aggravated battery felonies.
Under the two-prong Strickland test for ineffective assistance of counsel, a defendant must prove both deficiency and prejudice. Johnston v. State, 63 So.3d 730, 737 (Fla.2011) (citing Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Because both prongs of the Strickland test present mixed questions of law and fact, this Court must employ a mixed standard of review, deferring to the lower court’s factual find *1031 ings that are supported by competent, substantial evidence, but reviewing legal conclusions de novo. See Sochor v. State, 883 So.2d 766, 771-72 (Fla.2004). A deficiency in performance requires evidence of particular acts or omissions “ ‘that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards.’ ” Bolin v. State, 41 So.3d 151, 155 (Fla.2010) (quoting Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986)). “[Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.” Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000). In demonstrating prejudice, the defendant must show a reasonable probability that “but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694,104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id.
Here, the failure to request the additional felonies appears unreasonable because it is far more likely that the victim was attempting to scare or shoot at Washington rather than to rob or kill him in. front of a crowd. Under these circumstances, it would have been error to refuse the instruction had it been requested. Brozey v. State, 911 So.2d 867 (Fla. 2d DCA 2005) (holding that trial court abused its discretion in refusing instruction on defendant’s justifiable use of force while resisting an .attempt to commit a battery on him, despite instruction on justifiable use of force to resist attempt to murder him). The only potential basis for affirming the conviction, despite the omitted instruction, is that Washington’s defense was adequately covered by the following instruction:
Persons are justified in using force likely to cause death or great bodily harm if they reasonably believe that such force is necessary to prevent, one, imminent death or great bodily harm to themselves or another, or, two, the imminent commission of robbery against themselves or another.
This instruction, however, was negated by the instruction immediately preceding it, which informed the jury that homicide is justifiable only if deadly force is “necessary to prevent imminent death or great bodily harm to the defendant while resisting, one, another’s attempt to murder the defendant, or, two, any attempt to commit robbery upon the defendant.” At best, the extra instructions were confusing and did not clearly inform the jury that Washington was justified in the use of deadly force if he reasonably believed that the victim was attempting to commit felonies other than robbery or murder — such as an aggravated assault or aggravated battery. See Talley v. State, 106 So.3d 1015, 1015 (Fla. 2d DCA 2013) (observing that when jurors are faced with both correct and incorrect instructions, there is no reason to believe they will know which is correct). Thus, we conclude that trial counsel’s representation was deficient.
Addressing the prejudice prong of the Strickland test, because the instruction requested by defense counsel failed to fairly and fully explain Washington’s only theory of innocence — self-defense—we hold that the prejudice prong is satisfied. See Stoute v. State, 987 So.2d 748 (Fla. 4th DCA 2008) (finding that jury instruction on self-defense which negated only defense was prejudicial to defendant within context of rule 3.850 motion); see also Talley, 106 So.3d at 1017-18 (holding that instruction that is incorrect statement of law and misleading to jury, which negates defendant’s only defense, is highly prejudicial to defen *1032 dant and requires reversal on direct appeal).
Accordingly, we reverse the judgment and conviction and remand this matter to the trial court for a new trial.
REVERSED and REMANDED for new trial.
TORPY and EVANDER, JJ., concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).