ALTENBERND, Judge.
Rickie Joe Bradley appeals his judgment and sentence for battery on a person over the age of sixty-five. We affirm. We write to distinguish this case from Talley v. State, 106 So.3d 1015 (Fla. 2d DCA 2013), because, unlike in Talley, the extra comma in the self-defense jury instruction is not a fundamental error.
The victim in this case was a black man over the age of sixty-five who, along with his daughter, accompanied a woman, Ms. Anderson, to the home of Mr. Bradley. Ms. Anderson’s daughter was a friend of Mr. Bradley’s daughter and she was visiting the Bradley home. She had planned to spend the night at the Bradley home for a sleepover. Ms. Anderson had changed her mind about allowing her daughter to spend the night at the Bradley home. Thus, the victim drove Ms. Anderson and his daughter to the Bradley home in his truck to pick up Ms. Anderson’s daughter.
When the group of three arrived, Mr. Bradley and Ms. Anderson got into a verbal disagreement. This argument occurred near the truck; the group did not enter the Bradley home. Ms. Anderson *807 claimed that Mr. Bradley was upset because she had brought a black man to his home. She claimed that Mr. Bradley was using racial slurs and that he shifted his attention to the victim. He hit and kicked the victim. The victim and his daughter testified that the attack was not provoked. Ms. Anderson testified that the victim had made aggressive movements toward Mr. Bradley. Mr. Bradley did not testify.
Following this attack, the victim returned to the truck. He obtained a lug wrench for protection, but it is undisputed that he never tried to hit Mr. Bradley with the lug wrench. He gathered up his daughter, Ms. Anderson, and her daughter, and they left the scene. The incident was quickly reported to the police. The investigating officer noted bruising on the victim’s arm and forehead. He observed no injuries to Mr. Bradley, who had alcohol on his breath.
Mr. Bradley presented no evidence in his case. His theory of self-defense was based on three matters: (1) Ms. Anderson’s description of aggressive movement, (2) the possibility that the victim may have become aggressive in light of Mr. Bradley’s racial slurs, and (3) the fact that the first thing Mr. Bradley said to the arresting officer was: “The [victim][1] took a swing at me, so I swung at him.”
The State charged Mr. Bradley with a racially motivated battery on a person over the age of sixty-five. The jury found that the battery occurred, but it did not find that it was racially motivated. The trial court sentenced Mr. Bradley to 79.2 months’ imprisonment, the lowest permissible guidelines sentence in light of Mr. Bradley’s extensive prior record.[2]
The only issue raised on appeal is whether the standard jury instruction on self-defense given in this case was erroneous due to an extra comma. This error was not preserved in the trial court and is raised in this court as a matter of fundamental error.
The portion of the written self-defense instruction at issue provides:
If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.
(Emphasis added.) As in Talley, the written instruction utilized in this case misplaces a comma after the phrase “including deadly force.” See Talley, 106 So.3d at 1016. In Talley, the defendant was convicted of felony battery in a case in which the alleged victim testified that Mr. Talley stabbed him twice without provocation. Mr. Talley denied that he stabbed the victim. He testified that the alleged victim started the fight and sustained his injuries as the two men wrestled against a chain-link fence that had protruding sharp wires. There were no witnesses to support either version. The assistant state attorney in Talley actually relied on the extra comma in the jury instruction when explaining the law — incorrectly—to the jury.
By contrast, although the written jury instruction in this case contained the extra comma, the assistant state attorney pro *808 vided a correct explanation of the applicable law of self-defense in his initial closing argument. Mr. Bradley’s attorney agreed in her closing argument on his behalf that the explanation provided by the assistant state attorney was correct.
We recognize that when an error occurs in an instruction presenting the defendant’s sole defense it is more likely that the error should be regarded as fundamental. See, e.g., Crimins v. State, 113 So.3d 945 (Fla. 5th DCA 2013). But in this case, the evidence suggesting that Mr. Bradley had any need to act in self-defense was extremely limited. The State had eyewitnesses that refuted the defense. The physical evidence observed by the police officer tended to refute the defense. There was no testimony that either man used deadly force. Given that the explanation of the law was correct as provided by the attorneys, the jury would have had to read the written instruction very closely to discover the additional comma.[3] As a result, we are confident that this comma in the written jury instruction played no role in the jury’s decision-making process.
Ultimately, it was Mr. Bradley’s burden of persuasion in this case to demonstrate that the error deprived him of a “fair trial.” See Martinez v. State, 981 So.2d 449, 455 (Fla.2008). He has not met that burden. Mr. Bradley had a fair opportunity to present his defense and the jury simply accepted the conflicting testimony presented by the State.
Affirmed.
NORTHCUTT and CASANUEVA, JJ., Concur.

. We have substituted "victim” for the profane, racially-derogatory name actually contained in the quotation.

. During the pendency of this appeal, Mr. Bradley filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court granted the motion and entered an amended sentence reducing the term of imprisonment to 75.45 months.

. Admittedly, the record cannot demonstrate what, if any, effect the comma may have had upon the cadence of the trial judge as he read this instruction aloud.