WALLACE, Judge.
Upon consideration of the Appellant’s motion for rehearing filed April 15, 2013, it is
ORDERED that the Appellant’s motion for rehearing is granted. This court’s opinion dated April 3, 2013, is withdrawn, and the attached opinion is substituted therefor.
Francisco Rangel was charged in the court below in a fourteen-count indictment. The trial court severed counts one and two for trial. A jury found Mr. Rangel guilty on count one of the indictment for the second-degree murder of Michael Longo-ria while possessing and discharging a firearm. The jury also found Mr. Rangel guilty on count two of the indictment for the attempted second-degree murder of Vidal Quijada while possessing and discharging a firearm. The trial court adjudged Mr. Rangel to be guilty of both offenses and sentenced him to life imprisonment on count one with a twenty-five-year minimum and thirty years in prison *846 on count two with a twenty-five-year minimum. The sentences were designated to run consecutively. Mr. Rangel has appealed his judgment and sentences on counts one and two of the indictment.[1]
Mr. Rangel argues that the trial court committed fundamental error in three of the instructions given to the jury.[2] We find merit only in Mr. Rangel’s argument concerning the jury instruction on the lesser-included offense of attempted manslaughter on count two relating to the victim, Vidal Quijada.
I. THE INSTRUCTION ON MANSLAUGHTER BY ACT
With regard to count one involving the victim, Michael Longoria, Mr. Rangel argues that the lesser-included offense instruction on manslaughter by act was fundamentally erroneous because it instructed the jury that it could find Mr. Rangel guilty of the lesser-included offense of manslaughter if the State proved that
1. Michael Longoria is dead.
2. Francisco Rangel committed an act, which was intended to cause the death of Michael Longoria.
We find no error, fundamental or otherwise, because the instruction did not contain the language Mr. Rangel describes. Instead, paragraph 2 of the instruction informed the jury that it had to find that “Francisco Rangel’s act(s) caused the death of Michael Longoria.” The instruction further informed the jury that “[i]n order to convict .of manslaughter by act, it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act that was not justified or excusable and which caused death.” This instruction was not erroneous. See State v. Montgomery, 39 So.3d 252, 259-60 (Fla.2010) (“[T]he intent which the State must prove for the purpose of manslaughter by act is the intent to commit an act that was not justified or excusable, which caused the death *847 of the -victim.”). We also note that the -written instructions provided to the jury were identical to the oral instructions issued by the trial judge. Accordingly, we affirm Mr. Rangel’s judgment and sentence for the second-degree murder of Michael Longoria.
II. THE INSTRUCTION ON ATTEMPTED MANSLAUGHTER BY ACT
With regard to count two relating to Vidal Quijada, the trial court instructed the jury that to find Mr. Rangel guilty of the lesser-included offense of attempted manslaughter, the State was required to prove that “Francisco Rangel committed an act, which was intended to cause the death of Vidal Quijada and would have resulted in the death of Vidal Quijada except that someone prevented Francisco Rangel from killing Vidal Quijada or he failed to do so.”[3] The Supreme Court of Florida has declared that the issuance of an almost identical instruction constituted fundamental error in Williams v. State, 123 So.3d 23, 27 (Fla.2013) (“[A] trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense.”). Accordingly, we reverse Mr. Rangel’s judgment and sentence for the attempted murder of Vidal Quijada and remand for a new trial on this count only.
III. THE INSTRUCTION ON THE JUSTIFIABLE USE OF DEADLY FORCE
Mr. Rangel argues that the jury instruction on justifiable use of deadly force was fundamentally erroneous. The trial court’s instruction to the jury on this issue included the following language:
If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of Attempted Murder or Armed Robbery.
(Emphasis added.) However section 776.013, Florida Statutes (2010), provides:
(3) A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.
(Emphasis added.) Although the standard jury instruction follows the statutory language, it sets off the phrase “including deadly force” with an additional comma. This court found the use of this language to constitute fundamental error under the circumstances presented in Talley v. State, 106 So.3d 1015 (Fla. 2d DCA 2013). The Talley court explained its reasoning as follows:
[T]he erroneous comma eliminated Talley’s sole defense by suggesting that Talley had no right to defend himself with any force whatsoever unless Mul-lendore threatened him with deadly force. Even if Mullendore attacked Talley with nondeadly force, Talley would have the duty to retreat according to this erroneous instruction.
*848 Id. at 1017. However, the instruction at issue in Talley was Florida Standard Jury Instruction (Criminal) 3.6(g), “Justifiable Use of Non-Deadly Force,” which is the standard self-defense instruction. Id. “Talley’s only defense was that the alleged victim, John Mullendore, had attacked him with nondeadly force and thus Talley was justified in using nondeadly force in self defense.” Id. at 1016. Accordingly, the Talley court held that the instruction given in that case was erroneous because “the justifiable use of nondeadly force was Talley’s only defense and any confusion caused by the instruction may have deprived Talley of a fair trial because his defense was plausible.” Id. at 1018 (emphasis added). The Talley court also noted that the State’s reliance on the erroneous instruction in its closing argument supported the conclusion that the error was fundamental. Id. at 1017.
Although the jury instruction on justifiable use of deadly force, Florida Standard Jury Instruction (Criminal) 3.6(f), also contains the errant comma that caused the problem in Talley, none of the conditions leading to the conclusion that the instruction was fundamentally erroneous in Talley are present here. The first and most obvious difference is that, unlike in Talley, Mr. Rangel requested, and the trial court instructed the jury on, the justifiable use of deadly force, not “nondeadly” force. The facts in this case did not warrant an instruction on nondeadly force because Mr. Rangel unquestionably used deadly force — he shot both victims with a firearm. Therefore, the Talley court’s concern that the erroneous placement of the comma had the potential to vitiate Talley’s sole defense by causing the jury to think that Talley had no right to defend himself with any force at all unless he was being threatened with deadly force is not present here. Furthermore, because Mr. Rangel’s sole defense was the justifiable use of deadly force, the prosecutor’s comment in closing that “the evidence ... did not support a finding that when Mr. Rangel fired those shots, he was in imminent danger of death or great bodily harm,” was a proper comment on the evidence. See Merck v. State, 975 So.2d 1054, 1061 (Fla.2007) (“Closing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence.”).
For these reasons, we conclude that even though Florida Jury Instruction (Criminal) 3.6(f) contains the same errant comma found in Instruction 3.6(g), the error in this instruction is neither fundamental nor harmful where, as in this case, the defendant’s sole defense at trial is the justifiable use of deadly force.
IV. CONCLUSION
There was no error with respect to the jury instruction on manslaughter or the jury instruction on justifiable use of deadly force. However, because the lesser-included offense of attempted manslaughter was one step removed from the primary charge upon which the jury found Mr. Rangel guilty, the instruction on that charge constituted fundamental error. Williams, 123 So.3d at 27. Accordingly, we reverse Mr. Rangel’s judgment and sentence on count two of the indictment for the attempted second-degree murder of Vidal Quijada and remand for a new trial on that count only. In all other respects, we affirm Mr. Rangel’s judgments and sentences.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and LaROSE, JJ., Concur.

. After Mr. Rangel was sentenced on counts one and two, he entered negotiated pleas to counts three through fourteen of the indictment. The trial court sentenced him to life in prison on six of the counts, fifteen years on five of the counts, and five years on the remaining counts. The trial court imposed minimum mandatory sentences varying between three and twenty-five years on eight of the counts. All of the sentences were designated to run consecutively to each other and to the sentences previously imposed on counts one and two. The judgment and sentences imposed on counts three through fourteen are not at issue in this appeal.

. On April 3, 2013, this court affirmed Mr. Rangel's judgment and sentences imposed on counts one and two of the indictment against him in a per curiam decision without a written opinion. In a motion for rehearing, Mr. Rangel’s appellate counsel candidly informed this court that he overlooked the jury instruction issues considered herein when he prepared the initial brief. Generally, we will not consider new arguments made on rehearing that a party has not advanced initially. However, we exercise our discretion to consider Mr. Rangel's new arguments on rehearing to avoid further appellate filings and to limit the waste of judicial resources. If we simply denied Mr. Rangel’s motion for rehearing, then a petition for ineffective assistance of appellate counsel would inevitably follow, and the clerk would assign another panel to review the matter. See Banek v. State, 75 So.3d 762, 765 (Fla. 2d DCA 2011) (concluding that Banek’s appellate counsel rendered ineffective assistance by failing "to seek permission to file a supplemental brief on the issue of fundamental error in the attempted manslaughter by act instruction”); Pierce v. State, 121 So.3d 1091 (Fla. 5th DCA 2013) (holding that appellate counsel rendered ineffective assistance by failing to argue that it was fundamental error for the trial court to give the standard jury instruction for attempted manslaughter containing the erroneous element that the defendant committed an act with the intent to cause the death of the victim).

. Again, the trial court’s oral instruction was identical to the written instruction.