NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DWAYNE EDWARD MARTIN,          )
                               )
          Appellant,           )
                               )
v.                             )          Case No. 2D12-4646
                               )
STATE OF FLORIDA,              )
                               )
          Appellee.            )
_____)

Opinion filed January 7, 2015.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr., Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

Dwayne Martin appeals his convictions for aggravated battery and grand

theft. We affirm the grand theft conviction without further comment, but we reverse the

aggravated battery conviction and remand for a new trial.

The charges stemmed from the theft of three all-terrain vehicles (ATVs) and Martin's subsequent encounter with Carl Wiggins, an acquaintance who had implicated him in the theft. Prior to the encounter, Martin was arrested and charged with grand theft, burglary, and criminal mischief. He later received discovery that included the owner's report of the ATV theft and of Wiggins' tip that Martin was involved. On the day Martin received the report in the mail, Wiggins happened to stop by the Martin house on his bicycle. Wiggins was unaware that the owner had reported his tip to the police or that Martin had a copy of the owner's report.

Martin and Wiggins gave differing versions of what happened next. According to Wiggins, Martin attacked him and beat him. Wiggins said he was able to get away on his bicycle, but when he arrived home he realized that he had been stabbed in the buttocks. He recalled seeing a knife in Martin's hand but did not recall being stabbed. Martin, on the other hand, said that he confronted Wiggins and accused him of lying to the police. When Wiggins denied it, Martin showed him the theft victim's report. He said that Wiggins became aggravated and took a swing at him. Martin admitted that he hit Wiggins but claimed he did so in self-defense. He denied wielding a knife in the fight. He posited that Wiggins' injury may have occurred when he tripped and fell back onto his bike.

Martin was additionally charged with aggravated battery and tampering with a witness. The jury acquitted him of burglary, criminal mischief, and tampering with a witness, but it found him guilty of aggravated battery and grand theft. For the aggravated battery, he was sentenced to fifteen years in prison as a prison releasee reoffender; he received a concurrent five-year term for the grand theft.

Martin challenges his aggravated battery conviction based on a claim of fundamental error in the jury instructions. At trial and without objection, the trial court instructed the jury on the justifiable use of nondeadly force, stating in part as follows:

> If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force*, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.*

(Emphasis supplied.) This court has previously held that this portion of the instruction constituted fundamental error due to the comma that followed the phrase *including deadly force*. Talley v. State, 106 So. 3d 1015 (Fla. 2d DCA), review denied, 116 So. 3d 1263 (Fla. 2013). The comma is not included in section 776.013(3), Florida Statutes (2012), which provides for this claim of self-defense.[1] The comma has the effect of "indicating that a defendant has no duty to retreat and has the right to stand his ground and meet force with force *only if* he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony." Talley, 106 So. 3d at 1017. The comma thus improperly changes the meaning of the self-defense statute. The First District has recognized the same problem but characterized it another way:

> The problem with the instruction is not as much with the extra comma as it is with the inclusion of the language after the first comma, which pertains only to the use of *deadly* force and has no place in the instruction on justifiable use of *non-deadly* force. Where, as here, the defendant is only asserting the defense of justifiable use of non-deadly force, the instruction might be better stated by substituting a period

---

[1]The statute has since been amended. Ch. 2014-195, § 4, at 2593-94, Laws of Fla.

for the first comma and omitting the remainder of the language [so that the correct instruction would read]: "A person who is not engaged in an unlawful activity and who is in a place where he or she has a right to be has no duty to retreat and has the right to meet force with force."

Sims v. State, 140 So. 3d 1000, 1005 n.7 (Fla. 1st DCA 2014) (finding instruction to be error but not reversible because Sims was not entitled to the self-defense theory provided by section 776.013(3) and prosecutor did not rely on the erroneous portion in closing).

In Talley, the prosecutor relied on the erroneous interpretation by arguing in closing that "Even if you believe the fish tale that John Mullendore was coming at [Talley], where was the great bodily harm or death that he was going to suffer?  It didn't happen.  Or commission of a forcible felony, that wasn't provided to you either."  106 So. 3d at 1017 (brackets in original).  This court held that the prosecutor misled the jury by highlighting the erroneous portion of the instruction and that Talley's right to a fair trial was prejudiced because justifiable use of nondeadly force was his only defense.  Id. at 1017-18.  Without the prosecutor's reliance on the erroneous instruction, this court held that the error might have been harmless.  Id. at 1017.  Instead, it was fundamental. Id. at 1017-18.

Here, as well, the prosecutor relied on the mistake in the instruction by arguing in part that Martin "would have had to use that knife and stab Carl Wiggins to prevent death or great bodily harm himself, and he simply did not."  The State argues that Martin denied using a knife and, thus, did not rely solely on self-defense.  But Martin did admit that he fought with Wiggins.  As in Talley, 106 So. 3d at 1018, the aggravated battery charge and claim of self-defense "came down to a credibility call"

- 4 -

between Martin and Wiggins; even if the jury believed Martin's claim that Wiggins was the aggressor, the jury could have found him guilty if misled by the instruction. See Williams v. State, 727 So. 2d 1062 (Fla. 4th DCA 1999) (reversing aggravated battery conviction involving allegation that lawn mower blade was used as a deadly weapon when court failed to instruct on justifiable use of nondeadly force; the blade, like a knife, is not, as a matter of law, automatically considered a deadly weapon or deadly force (citing Caruthers v. State, 721 So. 2d 371 (Fla. 2d DCA 1998))); see also Howard v. State, 698 So. 2d 923, 925 (Fla. 4th DCA 1997) (reversing manslaughter conviction when court refused to instruct on justifiable use of nondeadly force, concluding error was not harmless because "the jury may have been unable to conclude that the use of deadly force in response to an incoming punch was justifiable but may have reached a different result if it had the opportunity to find that appellant's use of the knives was non-deadly force"). Although a close call, we conclude that fundamental error occurred with the erroneous instruction highlighted by the prosecutor's closing argument relying on the error.

Grand theft conviction affirmed; aggravated battery conviction reversed and remanded for a new trial.

SILBERMAN and BLACK, JJ., Concur.