DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRYANT DANIEL NEAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3403

[June 3, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 2013CF003304 AMB.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Bryant Daniel Neal ("appellant") appeals the final order of the trial court finding him guilty of two counts of battery on a law enforcement officer and one count of resisting arrest with violence following a jury trial. Before deliberations, the jury was provided with a written set of jury instructions that included an instruction on the justifiable use of non-deadly force. Appellant asserts it was fundamental error to include the word "injury" in the jury instruction for justifiable non-deadly force. Additionally, appellant claims that offsetting the phrase "including deadly force" with commas in the written jury instructions also constituted fundamental error. We disagree with appellant on both of these issues under the facts of this case, and affirm the trial court. We also find appellant's remaining issue on appeal to be without merit.

Officers Yermanos and Negron arrived at appellant's address in response to a missing persons report regarding appellant's wife. According to the testimony of Officer Yermanos, appellant appeared aggravated while they were questioning him. When appellant began

yelling and started to approach Yermanos, appellant was asked to calm down. Yermanos testified that he placed his hand on appellant's chest to create more distance between them whereupon appellant responded by slapping Yermanos's hand out of the way, striking the officer in the face and poking him in the eye. An altercation involving both officers quickly ensued, and after a third police officer arrived on the scene, appellant was eventually subdued.

Appellant took the stand in his own defense and described a much different version of events. He claimed that the officers did not appear to take his complaints seriously, and when appellant voiced his displeasure, Yermanos said to him, "Stop yelling at me or else I'm going to swing on you." Appellant then replied, "I would like to see (you) try," at which point Yermanos swung at him and grazed his face. Appellant said he then grabbed Yermanos's shoulders, and was in turn grabbed by Negron, then repeatedly punched by Yermanos. Appellant's theory of defense was that he acted in lawful self-defense in response to the officer's actions.

Both appellant and the State agreed to a jury instruction for the justifiable use of non-deadly force before it was read to the jury, and a printed copy was also provided to the jurors during their deliberation. This instruction stated the following:

### 3.6(g) JUSTIFIABLE USE OF NON-DEADLY FORCE

An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Bryant Neal is charged *if the injury to* CARLOS YERMANOS or JERRELL NEGRON resulted from the justifiable use of non-deadly force.

"Non-deadly" force means force not likely to cause death or great bodily harm.

BRYANT NEAL would be justified in using non-deadly force against CARLOS YERMANOS or JERRELL NEGRON if the following two facts are proved:

1. BRYANT NEAL must have reasonably believed that such conduct was necessary to defend himself against CARLOS YERMANOS' or JERRELL NEGRON'S imminent use of unlawful force against the defendant.

2

2. The use of unlawful force by CARLOS YERMANOS or JERRELL NEGRON must have appeared to BRYANT NEAL to be ready to take place.

If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, *including deadly force,* if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

As used with regard to self defense,

A person does not have a duty to retreat if the person is in a place where he has a right to be.

A person is not justified in using force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.

However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend himself, but only to the extent he reasonably believes such force is necessary.

In deciding whether the defendant was justified in the use of non-deadly force, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of non-deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.

Fla. Std. Jury Instr. (Crim.) 3.6(g) (emphasis added). Since appellant did not object to the jury instructions at the time of trial, we review both issues for whether the error was fundamental. *Bassallo v. State,* 46 So.

3

3d 1205, 1209 (Fla. 4th DCA 2010) ("'Issues pertaining to jury instructions are not preserved for appellate review unless a specific objection has been voiced at trial,' . . ., and absent an objection at trial, can be raised on appeal only if fundamental error occurred." (quoting *Lawrence v. State,* 831 So. 2d 121, 137 (Fla. 2002))). We address both of appellant's arguments in turn.

    a. Reference to Injury

The first alleged error involves the reference to an "injury," which appears in the section of the jury instructions that states: "An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Bryant Neal is charged *if the injury* to CARLOS YERMANOS or JERRELL NEGRON resulted from the justifiable use of non-deadly force." (emphasis added). Appellant contends that it was fundamental error to include any reference to an "injury" in these instructions because none of the officers were injured.

This court has previously considered the same challenge to an identical set of jury instructions given in a similar case. In *Brown v. State,* 59 So. 3d 1217, 1218 (Fla. 4th DCA 2011), as in this case, the defendant was charged with and convicted of battery upon a police officer. At trial, the defendant's sole defense to this crime was self-defense. *Brown,* 59 So. 3d at 1218. There, we stated:

> On appeal, appellant maintains that the standard jury instruction on self-defense is fundamentally flawed, because it erroneously indicates that an injury to the victim is required before a jury may find that a defendant acted in self-defense. Recently, in *Bassallo . . . ,* we decided this very issue and held that the trial court fundamentally errs in giving the standard jury instruction on self-defense, which included the word "injury," where injury was not an element of the crime and the state presented no evidence of injury to the victim. In that case, as in this one, the prosecutor also used the "no injury" response to the claim of self-defense in closing argument. *Bassallo* concluded that the error in the instruction was fundamental error, because it negated the defendant's sole defense to the crime charged. *Id.* at 1211 (citing *Martinez v. State,* 933 So. 2d 1155, 1166 (Fla. 3d DCA 2006)). Just as in *Bassallo,* injury was not an essential element of any of the crimes, and there was no evidence of injury to the deputy. Because the jury instruction on self-defense indicated that the defense applied only if the victim

4

suffered an "injury," and the state argued that the instruction did not apply because no injury occurred to the victim, fundamental error occurred in the instruction on self-defense, negating appellant's sole defense.

Because of the error, we reverse for a new trial on battery on a law enforcement officer.

*Id.* at 1219.

As we stated in *Brown*, the crime of battery upon a law enforcement officer does not require proof of injury. *Id.*; *see also* § 784.07(2), Fla. Stat. (2013). In contrast to what occurred in *Brown* and *Bassallo*, the State presented evidence in the instant case that Yermanos was injured, both through his testimony and other evidence. Further, the prosecutor did not use the "no injury" response during closing argument to negate appellant's claim of self-defense. Therefore, including the reference to an "injury" did not rise to the level of fundamental error.[1] *Bassallo,* 46 So. 3d at 1209 (quoting *Lawrence*, 831 So. 2d at 137).

b. Offsetting the Phrase "Including Deadly Force"

To determine whether a jury instruction deprived the defendant of a fair trial, a court should conduct a "totality of the circumstances analysis." *See Croom v. State,* 36 So. 3d 707, 709 (Fla. 1st DCA 2010). "[I]f the totality of the circumstances indicates there is no reasonable possibility an alleged jury instruction error contributed to the verdict, the error is not fundamental." *Id.* "In considering the effect of an erroneous instruction under the fundamental error analysis, the court reviews the instruction in the context of the other instructions given, the evidence adduced in the case, and the arguments and trial strategies of counsel." *Sims v. State,* 140 So. 3d 1000, 1004 (Fla. 1st DCA 2014).

Appellant argues that offsetting the phrase "including deadly force" with commas in the jury instructions was fundamental error, because it served to destroy his sole defense of self-defense. Two of our sister courts have considered the same challenge to this language contained in the jury instruction at issue here, specifically the Second District in *Talley v. State*, 106 So. 3d 1015 (Fla. 2d DCA 2013), and the First

---

[1] We wish to clarify that the reference to "injury" in the standard jury instructions for justifiable use of non-deadly force is not itself an inherent error, as the defense of self-defense may be utilized in cases where the crime charged does require proof of injury.

District in *Sims.* For the reasons stated below, we believe this case more closely resembles *Sims,* and we therefore disagree with appellant on this issue as well.

In *Talley*, the defendant was charged with aggravated battery (great bodily harm) and battery (domestic violence), and his sole defense was that "the alleged victim . . . had attacked him with nondeadly force and thus [the defendant] was justified in using nondeadly force in self defense [sic]." 106 So. 3d at 1016. The defendant was convicted of felony battery, a lesser-included offense. *Id.* at 1017. There, the trial court read the same jury instructions as used in this case. *Id.* at 1016-17. The relevant portion of those instructions is as follows:

> If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, *including deadly force*, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

*Id.* at 1016. The defendant in *Talley* argued on appeal that the jury instructions as given were "fundamentally erroneous because they were misleading and eviscerated [the defendant's] only defense." *Id.* at 1017. Additionally, the defendant "point[ed] out that there is a comma after the phrase 'including deadly force' in the standard jury instruction . . . but not in the statutory section upon which the instruction is based." *Id.*

The Second District agreed, and stated:

Section 776.013, Florida Statutes (2012), provides as follows:

> (3) A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, *including deadly force* if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

(Emphasis added.) The standard jury instruction given in this case follows the language of this statutory section but, as noted previously, sets off the phrase "including deadly force" with an additional comma. *See* Fla. Std. Jury Ins[t]r. (Crim.) 3.6(g). This additional comma is erroneous because under the rules of grammatical construction it makes the phrase "including deadly force" a nonessential part of the sentence and thus changes the meaning by indicating that a defendant has no duty to retreat and has the right to stand his ground and meet force with force *only if* he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony. *See Kasischke v. State,* 991 So. 2d 803, 812 (Fla. 2008) (explaining that phrases set off by commas "are parenthetical, meaning that the sentence can stand alone without them. When an expression is *essential* to the sentence, however, it is not separated with commas."). *In other words, the erroneous comma eliminated Talley's sole defense by suggesting that Talley had no right to defend himself with any force whatsoever unless Mullendore threatened him with deadly force.* Even if Mullendore attacked Talley with nondeadly force, Talley would have the duty to retreat according to this erroneous instruction.

The State further misled the jury by relying on the erroneous instruction in closing argument: "Even if you believe the fish tale that John Mullendore was coming at [Talley], where was the great bodily harm or death that he was going to suffer? It didn't happen. Or commission of a forcible felony, that wasn't provided to you either." *If the State had not highlighted the erroneous instruction, this error may have been harmless.*

But as this court stated in *Carter v. State,* where

a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant's only defense, it is fundamental error and highly prejudicial to the defendant. Failure to give a complete and accurate instruction is fundamental error, reviewable in the complete absence of a request or objection.

7

469 So. 2d 194, 196 (Fla. 2d DCA 1985). Further, " '[w]hen jurors are faced with both correct and erroneous instructions as to the applicable legal rules, there is no reason to believe that they are likely to intuit which is the correct one and which is the erroneous one.' " *Fields v. State,* 988 So. 2d 1185, 1189 (Fla. 5th DCA 2008) (quoting *Murray v. State,* 937 So. 2d 277, 280 (Fla. 4th DCA 2006)).

Here, the justifiable use of nondeadly force was Talley's only defense and any confusion caused by the instruction may have deprived Talley of a fair trial because his defense was plausible. *Compare Martinez v. State,* 981 So. 2d 449, 455–56 (Fla. 2008) (holding that the erroneous instruction on the defendant's affirmative defense did not deprive him of a fair trial where he pursued multiple defenses and the one which received the erroneous instruction was extremely weak) *with Fields,* 988 So. 2d at 1190 (holding that the erroneous instruction on the defendant's sole affirmative defense deprived him of a fair trial where the defense was plausible). This case came down to a credibility call between Talley and the victim. If the instruction misled the jury, the jury could have believed Talley's version of events and still found him guilty. Accordingly, we reverse and remand for a new trial.

*Id.* at 1017-18 (emphasis added) (footnote omitted).

In *Sims,* the First District reviewed the decision in *Talley* and agreed with its reasoning concerning these jury instructions. *See Sims,* 140 So. 3d at 1004-05 (footnote omitted) ("[T]he standard jury instruction for justifiable use of non-deadly force is grammatically flawed and . . . the extra comma erroneously narrows the scope of the defense."). The court further noted:

The problem with the instruction is not as much with the extra comma as it is with the inclusion of the language after the first comma, which pertains only to the use of *deadly* force and has no place in the instruction on justifiable use of *non-deadly* force. Where, as here, the defendant is only asserting the defense of justifiable use of non-deadly force, the instruction might be better stated by substituting a period for the first comma and omitting the remainder of the language: "A person who is not engaged in an unlawful activity and who is in a place where he or she has a right to

8

be has no duty to retreat and has the right to meet force with force."

*Id.* at 1005 n.7.

However, the First District found there was no fundamental error in that case for several reasons, most notably because the State did not rely on the erroneous instruction in its closing argument, and because the defendant agreed to the standard instruction on the justifiable use of force as read to the jury:

> Second, unlike *Talley*, the prosecutor in this case did not rely on the erroneous instruction in closing argument. The prosecutor merely argued the facts in evidence and encouraged the jury to find Appellant's testimony unreliable. *Cf. Talley*, 106 So. 3d at 1017 (suggesting that the error in the instructions "may have been harmless" if the prosecutor had not highlighted the error in closing argument); *see also* [*Rangel v. State,* 123 So. 3d 844 (Fla. 2d DCA 2013)] (rejecting claim of fundamental error based upon the same extra comma in the standard instruction for the justifiable use of deadly force and noting that the prosecutor's closing argument on the issue was merely a comment on the evidence); [*Bradley v. State,* 127 So. 3d 806 (Fla. 2d DCA 2013)] (distinguishing *Talley* where the prosecutor provided a correct explanation of the law of self-defense in closing arguments).

> Third, Appellant agreed to the standard instruction on the justifiable use of non-deadly force as read to the jury. Although that does not necessarily foreclose a claim of fundamental error, *see Moore v. State*, 114 So. 3d 486, 493 (Fla. 1st DCA 2013), this court has explained that:

> > where defense counsel agrees to a standard jury instruction and then challenges the conviction based upon fundamental error in that instruction, reversal would have the unintended consequence of encouraging defense counsel to 'stand mute and, if necessary, agree to an erroneous instruction' or sacrifice his client's opportunity for a second trial.

9

> *Joyner v. State*, 41 So. 3d 306, 307 (Fla. 1st DCA 2010) (quoting *Calloway v. State,* 37 So. 3d 891 (Fla. 1st DCA 2010)).

*Id.* at 1006.

Both of these factors are also present in the case at bar, thereby making this case more closely analogous to the facts in *Sims* than to *Talley*. As such, we affirm the judgment and sentence of the trial court, finding that the closing paragraph of *Sims* applies to this case with equal force:

> In sum, for the reasons stated above, although we agree with Appellant that a portion of the instruction on justifiable use of non-deadly force given in this case was grammatically flawed, we are not persuaded that the error in the instruction negated Appellant's claim of self-defense or was so flawed that it deprived Appellant of a fair trial.

*Id.* at 1006-07.

Accordingly, we reject appellant's claim of fundamental error and affirm his judgment and sentence.

*Affirmed.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***